HAGAMAN ads. JACKSON, ex dem. CAMPBELL.

A naked claim
to be the own-
er of a lot un-
accompanied
by possession
does not con-
stitute a right,
title or interest
which can be
sold by exe-
cution;    and
where a sher-
iff's sale was
had, by virtue
of a judgment
and execution
against a per-
son   making
such claim, *it
was held,* that
no title passed
to the purchas-
er, and that
the defendant
in the execu-
tion,    subse-
quently enter-
ing into pos-
session of the
premises sold,
could not be
evicted in an
action of eject-
ment founded
on such sale.
A title acquir-
ed by the de-
fendant in the
execution sub-

THIS was an action of ejectment, brought for the recovery
of about 50 acres of land, part of lot No. 75, Ovid, tried
at the Seneca circuit, in June, 1828, before the Hon. ENOS
T. THROOP, one of the circut judges.   A verdict was ren-
dered in favor of the plaintiff, and a motion is now made to
set the same aside, and to grant a new trial.   The evidence
is detailed in the opinion of the court.   The cause was sub-
mitted without argument.

*A. Gibbs,* for the defendant.

*J. Maynard,* for the plaintiff.

*By the Court,* SUTHERLAND, J.   The lessor of the plain-
tiff claims title to the premises in question, under a judgment
in his favor against *William Hagaman,* obtained in the court
of common pleas of Seneca county, in February term, 1816.
An execution was issued upon that judgment, under which
all the right and title of *William Hagaman* to the premises in
question were sold to the lessor.   The sheriff's deed bears
date on the 17th day of June, 1817.   It appeared that the
execution was received, and the sale was made by John
Whitman, a *deputy* of the sheriff of Seneca county, and the
deed was executed by I. B. Chapman, *under sheriff* of said

sequent to the sale, does not enure to the benefit of the purchaser.

county, and it was objected to on that ground, but the objection was overruled. It was proved, that *William Hagaman* had, for several years previous to Campbell's judgment, claimed to be the owner of lot No. 75, of which the premises in question are a part. But whether he was then in possession of the lot, or any part of it, or ever had been, does not appear. The plaintiff also proved, that in April, 1825, a writ of possession issued out of the supreme court, upon a judgment in favor of James Jackson, ex dem. William Hagaman and three other lessors, but against whom did not appear; and a witness testified, that under that writ, he put the defendant *John Hagaman* and William Hagaman, in possession of the premises in question, and some other lands; that John Hagaman, the defendant, had been in possession ever since, claiming under William Hagaman. The defendant objected to this evidence, on the ground that the judgment and writ of possession should be regularly proved. The objection, however, was not sustained by the court.

The defendant then produced the record of a judgment in escheat, in favor of the people of the state of New-York, for about two hundred acres of land, including the premises in question. The judgment was perfected in August term, 1822. A writ of possession issued upon said judgment, was also produced and proved, tested in August term, 1822, and returnable the October term following, with the sheriff's return endorsed thereon, that he had executed said writ, by putting Mark Boyce and James A. Boyce out of possession, and delivering possession of said premises to Gershom Powers, as agent for the state. James A. Boyce testified, that he was in possession of the premises in question, when the suit in favor of the people was commenced; and that he was dispossessed and put out by the sheriff, and that Gershom Powers was put in. The defendant, upon this evidence, contended that the plaintiff could not recover at all; but, at all events, that he could recover but one-fourth of the premises in question. The judge decided, that he was entitled to recover all that the defendant was in possession of, and so charged the jury; to which charge the defendants excepted.

The jury found for the plaintiff. Without considering the particular objections taken by the defendant, it appears to me that the plaintiff's evidence was fatally defective. All that he can recover is, the interest which William Hagaman had in the premises in question in 1816, when the lessor obtained his judgment against Hagaman, and under that judgment purchased Hagaman's right to the lot. The question then arises, what interest had Hagaman in these premises at that time? for it will not be pretended that any title which he might subsequently have acquired, would enure to the benefit of the lessor. The whole of the evidence upon this subject is this: "That William Hagaman had, for several years previous to Campbell's judgment, claimed to be the owner of lot No. 75;" but he does not appear ever to have been in possession until April, 1825, when he and the present defendant were put in possession by a writ of *habere facias possessionem*. What was the nature or foundation of his previous claim, there is nothing in the case to explain. Where a lessor in ejectment claims under a purchase at sheriff's sale, upon a judgment against a party not in possession, he must prove against the person found in possession, that the party against whom the judgment was rendered had some right, title or interest in the premises sold. Where the defendant in the execution is the possessor of the land, that is sufficient; for actual possession is *prima facie* evidence of a legal title. (2 *Black. Comm.* 196.) In *Jackson* v. *Town*, (4 *Cowen*, 599,) the defendant in the judgment and execution, had been in possession of the premises, claiming them adversely, until two or three years before the judgment against her, under which the lessor of the plaintiff purchased, when she removed from the premises. There was no other evidence of title in Mrs. Town, nor did it appear how long her adverse possession had continued. It was not pretended, however, that it had been for twenty years; and it was held, that the evidence did not establish that she ever had any right or title to the premises, and that the purchaser at the sheriff's sale acquired nothing under it. In that case, too, the defendant, the tenant in possession, was the daughter of the

ALBANY,
Oct. 1828.

Hagaman
ads.
Jackson.

defendant in the judgment, and held under a deed from her mother, dated in 1821, but a few months after her mother had abandoned the premises. But it was held, that that conveyance did not afford any evidence of any right or title in the grantor at the time it was made, as there was nothing to shew that she had ever a right of possession to transfer to her grantee, and of course that nothing passed by it. The court, in that case, observe, that the lessor's deed was necessarily inoperative, unless the judgment under which he purchased was a *lien;* and this could not be, unless there was a *legal or equitable scisin* in Eleanor Town; and as she had neither, nothing passed by the sale to the plaintiff.

The case at bar is not as strong, on the part of the lessor of the plaintiff, as was the case of *Jackson* v. *Town.* There, the defendant in the execution had been in the actual possession of the premises, claiming them as her own. In the case at bar, the defendant in the judgment and execution never was in possession, but *merely claimed to be the owner of the lot;* which, in judgment of law, amounted to nothing. This view of the case appears to me to be entirely decisive against the right of the plaintiff to recover.

The fact that William Hagaman, the defendant in the judgment and execution under which the lessor claims, in 1825 obtained the possession of the premises by a recovery in ejectment, is no evidence that he had any title to them in 1816, when the judgment was obtained against him. Neither the record nor the writ of possession was produced. Nothing but the naked fact is disclosed, that the possession, at that time, was delivered to him. The title upon which he recovered, may have been acquired by him within a year previous to his entry; and connected with the fact, that in 1822, the lot of which the premises in question were a part, was recovered by a judgment in escheat, in favor of the people, and the possession taken by their agent, on their behalf, under a writ of possession, the inference is very strong, that the title of Hagaman, whatever it may have been, to the premises, was acquired subsequently to 1822. It is immaterial, however, when it accrued, as it was after the sheriff's

ALBANY,
Oct. 1828.

sale under which the plaintiff claims. The judge, therefore, erred in charging the jury that the plaintiff was entitled to recover, and a new trial must be granted.

New trial granted.