Ozias M. Hatch et al., Plaintiffs in Error, *v.* John B. Wagner, Defendant in Error.

ERROR TO PIKE.

The purchaser at a sheriff's sale, upon an execution, of land, in which the defendant in execution had but an equitable interest, if he seeks to recover the land, should show that the defendant in execution, at the time of the levy and sale, had such an equitable title as could have been enforced by himself.

The bill in this case sets forth, that, at the April term of the Circuit Court of Pike county, Illinois, a. d. 1846, one Cyrus Knapp recovered a judgment against James Holloway for $11.12½ and costs of suit; that an execution issued on this judgment on the 21st of May, 1845, directed to the sheriff of Pike county, which was returned "no property found;" that an *alias* execution issued on the same judgment on the 26th of June, 1846, directed to said sheriff, and was by him levied within the lifetime of said execution, upon the south-east quarter of section twenty-six, township six south, range two, west of the 4th principal meridian; that after duly advertising the land, the said plaintiff, on the 8th day of August, 1846, offered said land for sale, and that the complainants through O. M. Hatch, (who bought for the benefit of complainants,) became the purchaser thereof at said sheriff's sale; that after the expiration of fifteen months from said sale, no redemption having been made, a sheriff's deed was taken upon said purchase to complainant Hatch, who holds the same and the title thereby derived for the common benefit of the complainants; that Orville H. Browning was the patentee of said land from the United States; but at the time of said judgment, levy, and sale against the said Holloway, he was in possession of said land, and residing upon the same, under the contract and title bond for the purchase of the same from said Browning; that said title bond was conditioned to convey the said land to Holloway upon the full payment of $300 to said Browning; that said Holloway continued to reside upon said land under said bond until his death, and had made and continued to make valuable and lasting improvements thereon, to the value at least of $400; that Holloway had made some payments on said title bond in his lifetime, but that there was due on said bond at his death about $250; that after the death of said Holloway, the widow of said Holloway, with the money of said James Holloway, made a further pay-

ment on said bond; that after said Holloway's death, the defendant, John B. Wagner, made an agreement by which he became the purchaser of said land from the widow and heirs at law of said Holloway, and from said Browning; that he completed the payments due under said bond from said Holloway, and took from him a quitclaim deed of the land; that said Wagner, by said purchase, claimed to have succeeded to all the rights both of the heirs of Holloway and of Browning in said land, and charges that he is now the only party interested therein, as defendant.

Bill charges, that under complainants' purchase of said land, they became entitled to Holloway's interest in said land, and that said Wagner purchased, subject to their better claim. Complainants offer to bring into court such a sum of money as said Wagner may have paid to complete the payments under said title bond, to be paid to whomsoever entitled, &c.

Bill prays for answer and for discovery under oath of the defendant, particularly as to the amount due on the contract with Browning, and the amount paid by him thereon, and bill concludes with offering to pay into court, whatever sum, with interest, may have been paid by said Wagner in completing the payments upon said bond; and they also offered to bring into court any further sum the court may deem equitable in order to entitle them to the benefit of their said purchase, to be paid to such person as may appear to be entitled, and pray for a conveyance of the land to them, &c.

To the bill as amended a general demurrer was filed at the March term of said court, 1852, and sustained, and the bill of complainants dismissed.

Complainants bring a writ of error and allege that the court erred in sustaining the demurrer to the amended bill. 2d: The court erred in dismissing the bill; the court erred 'in [not grant-ing the relief prayed.

The cause was heard before O. C. SKINNER, Judge.

M. HAY, for plaintiffs in error.

BROWNING & BUSHNELL, for defendant in error.

CATON, J.   This was a bill in the nature of a bill for a specific performance of a contract for the sale of land, and shows that Holloway had contracted with Browning for the purchase of the premises in question for three hundred dollars; that he took possession and made improvements thereon; that judgments were obtained against Holloway, an execution

issued and levied on the land, which was sold, and Hatch became the purchaser for himself and the other complainants; that after this, Holloway died, leaving the widow in possession. The bill states, that during Holloway's lifetime, he paid Browning considerable amounts of money upon said agreement; and that at the time of Holloway's death there was due to Browning on said agreement about the sum of two hundred and fifty dollars, as near as the complainants can ascertain. The bill then shows, that the widow of Holloway made payments to Browning out of funds belonging to Holloway's estate, and that subsequently the defendant Wagner made an agreement, by which he became the purchaser of said land from said Browning, and from the widow and heirs of Holloway; that he computed the payments on said land under said agreement, and took from Browning a quitclaim deed for the land. The bill prays that Wagner may convey to the complainants, and they offer to pay to him or bring into court whatever sum the court may direct, and for general relief.

Admitting that the purchaser of land at a sheriff's sale upon an execution, in which the defendant in the execution had but an equitable interest, succeeds to all the equitable rights, and is entitled to all the equitable remedies to which the debtor was entitled, I still think that the demurrer to this amended bill was properly sustained. The bill should show that at the time of the levy and sale, the debtor had such an equitable title as could have been enforced against Browning. No subsequent act of indulgence or favor by Browning towards the debtor or his representatives, can inure to the benefit of the purchaser under the execution. The bill should show a positive and affirmative right in the debtor at that time, to enforce the contract of purchase against Browning. Most manifestly such a case is not shown by this bill. Had Holloway, at the time of this sale, filed a bill against Browning to enforce a specific performance of this contract, and had stated no more than is here shown to have then existed, we could not say that enough was shown to entitle Holloway to compel Browning to convey the land to him. The bill does not show what were the terms of the contract of sale, when the money was to be paid, or, in fact, any thing about it, except that he had agreed to purchase the land for three hundred dollars, and that at the time there were two hundred and fifty dollars due Browning upon the contract; nor does the bill show that Holloway had complied with the terms of the contract on his part, so as to entitle him to a specific performance. We should know what were the terms of the contract, so that we could judge whether Holloway had complied

on his part or not. Indeed, from the face of the bill the inference is, that Holloway had not complied with his agreement, for it states there were at that time due to Browning two hundred and fifty dollars. How long this had been due and unpaid is not shown, nor is any excuse stated why Holloway had not paid that money when it became due. Such a case as this, if presented by Holloway at that time against Browning, would not have stood the test of legal scrutiny for a single moment. The purchasers certainly acquired no rights which did not then exist in Holloway; and they should show in their bill such a case as would have entitled him, at that time, to recover. Admitting that they succeeded to all his rights, as they then existed, — and it cannot be pretended that they acquired any more, — I am of opinion that this bill is substantially defective, and that the demurrer was properly sustained. Other objections might be urged against this bill, such as the want of an averment of notice to Wagner; but I do not think it necessary to discuss them. I think the decree should be affirmed.

*Decree affirmed.*