ARCHIBALD MCALLISTER, Plaintiff in Error, *v.* ZEBULON S. ELY, Defendant in Error.

### ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

A plea which substantially adopts the language of the statute, by averring that the defendant was security for a principal debtor who executed a note with him, and that, after the note became due, the holder of it was requested to put it in suit, but did not, etc., is good.

THE opinion of the court furnishes the facts in the case. The demurrer to the plea was sustained by J. M. WILSON, Judge, at September term, 1856, of the Common Pleas Court.

W. K. MCALLISTER, for Plaintiff in Error.

SHUMWAY, WAITE and TOWNE, for Defendant in Error.

SKINNER, J. This was an action of assumpsit upon a promissory note, executed by Jacob R. Depuy and the defendant, to Enoch Ely and the plaintiff, dated at Chicago, July 10, 1852, and due ninety days after date. The action was brought by the plaintiff as surviving payee, against the defendant as surviving maker.

The court sustained a general demurrer to the following plea:

And for a further plea in this behalf, the said defendant says, *actio non*, because, he says, that, in the making of the said promissory note mentioned in said declaration, the said Jacob R. Depuy was the principal debtor, and this defendant the security for the said principal debtor, which was, to wit, at the time of the making thereof, to wit, at Chicago aforesaid, well known to said plaintiff; that, after the said note became due and payable by the terms thereof, to wit, on the first day of May, A. D. 1853, and the said Depuy, being then alive, to wit, at Plainfield, in the county of Will, aforesaid, where he might have been served with process, this defendant then and there became apprehensive that the said Depuy would become insolvent without discharging said note, or so much so that it would be extremely difficult to recover back the amount of said note of said Depuy, if compelled to pay the same; and this defendant, by reason of the premises, on, to wit, the day and year last mentioned, to wit, at the city of Chicago, aforesaid, did notify and require, in writing, of the said plaintiff, that he forthwith put the said note in suit; but the said plaintiff, well knowing the premises, did not, within any reasonable time, put the said note in suit, or use any diligence to collect the same by due course of law; and the said Jacob R. Depuy, afterward, to wit, on the first day of October, 1853, to wit, at Plainfield, aforesaid, became and was insolvent; wherefore, by reason of the premises and by virtue of the statute in such case made and provided, the said plaintiff is barred from recovering the same of this defendant, and this he is ready to verify; wherefore, etc.

This suit was commenced on the twentieth day of June, 1856, nearly two years after the notice to sue was given. The statute bars an action against the security upon instruments like this, where the creditor fails to bring suit within a reasonable time after notice, in writing, to sue, given by the security. Statutes 1856, chapter 97.

The plea substantially adopts the language of the statute, and, if true, as it will be taken to be on demurrer, the plaintiff has no cause of action.

Judgment reversed and cause remanded.

*Judgment reversed.*