# Pulaski Scovil

*v.*

# James F. Kelsey.

1. Tax sales—*conveyance by purchaser at—as between the parties—equivalent to an assignment of the certificate.* A purchaser at a tax sale, acquires an equitable interest in the lands sold, and if conveyed by him before the time for redemption expires, his grantee acquires such equitable interest, and the right to the redemption money, if redeemed, as completely, as between the parties, as by an assignment of the certificate of purchase.

2. Same—*conveyance to one person—and an assignment of the certificate· to another—the latter entitled to the redemption money.* But if such purchaser should convey the premises to one person, and assign the certificate to another, both being innocent purchasers, the assignee of the certificate might, with reason, insist upon a superior right to the redemption money.

3. Deed—*by a married woman—husband must join in.* Under the act of 1861, a married woman cannot convey her real estate, without joinder by her husband in the deed.

4. Same—*without such joinder—grantee acquires no title.* And where K, a purchaser at a tax sale, conveyed the lands to C, a married woman, who, without

her husband joining in the deed, conveyed them to S, and the premises were redeemed, and K received the redemption money: *Held*, that S took nothing by such conveyance, and that a suit to recover the redemption money from K, should be brought by C and her husband.

WRIT OF ERROR to the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

This was an action of assumpsit, brought by the plaintiff in error against the defendant in error, in the Mason county Circuit Court. A trial was had before the court, a jury being waived, and a judgment rendered against the plaintiffs for costs, to reverse which, the case is brought to this court by writ of error. The facts in the case are fully stated in the opinion.

Mr. LYMAN LACY, for the plaintiff in error.

Mr. S. L. RICHMOND, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In this case, Kelsey, having bought a piece of land at a tax sale, sold and conveyed it to Mrs. Connell, a married woman, who conveyed it to the plaintiff, Scovil, her husband not joining in the deed. After these conveyances were made, the land was redeemed, and Kelsey received the redemption money from the county clerk, and refuses to pay it over to the plaintiff. He did not assign the certificate of purchase, and it does not appear in the record what has become of it, but as he drew the redemption money, it is to be presumed he then presented and surrendered it. He now contends, through his counsel, that the right to the redemption money attaches to the certificate, and can be transferred only by its assignment, and that his deed conveyed only his contingent interest in the land. The

44—46TH ILL.

distinction is not well founded. The purchaser at a tax sale, legally held and conducted, acquires an equitable interest in the land which, during the two years, is represented by the right to the redemption money if paid, and a conveyance of the land will pass this equitable interest and the right to the money as completely, as between the parties, as an assignment of the certificate. If a deed were made to one person, and the certificate assigned to another, both innocent purchasers, the holder of the certificate may, with some reason, insist on a superior right to the redemption money. But, as against the grantor, we entertain no doubt of the superior right of his grantee.

The only other question, is the admissibility of the deed of Mrs. Connell to plaintiff. We have decided in the case of *Cole* v. *Van Riper*, 44 Ill. 58, that the law of 1861 does not enable a married woman to convey her real estate without joinder by her husband in the deed. The deed to Mrs. Connell gave her an equitable interest in the land which entitled her to the redemption money when paid, as against her grantor; but her deed did not pass that equitable interest to the plaintiff, and as a consequence, did not pass the right to the redemption money. The suit should have been brought by Mrs. Connell and her husband. The Circuit Court committed no error in excluding this deed, and the judgment must be affirmed.

*Judgment affirmed.*