ROBERT ROCKWELL *et al.*

*v.*

ANN E. SERVANT *et al.*

1. LIMITATION—*when statute begins to run—on foreclosure of mortgage.* As long as the relation of mortgagor and mortgagee exists, the statute of limitations will not run to bar the action of ejectment by the mortgagee against the mortgagor, or his heirs after his death. It will not commence to run in favor of the mortgagor or his heirs until that relation is terminated in some one of the modes known to the law. The recovery of judgment on *scire facias* to foreclose will not terminate such relation.

2. SAME. Where a mortgagee recovered judgment on *scire facias* against the heirs of the mortgagor to foreclose a mortgage, under which the mortgaged premises were sold, and he became the purchaser: *Held,* that the statute of limitations did not begin to run in favor of the heirs and widow in possession against the purchaser and those succeeding to his rights, until after the time allowed by law for redemption had expired, and the purchaser was entitled to a deed for the premises; for until then all the rights of the mortgagee, his heirs and assignees, were not foreclosed and barred.

3. MORTGAGE—*when the relation of mortgagor and mortgagee is terminated.* The mere recovery of judgment on *scire facias* to foreclose a mortgage will not extinguish the relation of mortgagor and mortgagee. The money will still be due, and the lien on the premises remain. Such judgment will not satisfy or discharge either the note or the mortgage, but both will remain in full force; and the right of redemption is continued until one year after sale under the judgment.

4. PURCHASER ON FORECLOSURE—*rights of, until redemption expires.* The purchaser of land under execution upon the foreclosure of a mortgage by *scire facias* has no legal title or right to be invested with the legal title until the time allowed for redemption has expired. He can not maintain .ejectment or other possessory action on his certificate of purchase.

5. REDEMPTION—*on foreclosure of mortgage by sci. fa.* Where lands were sold under execution issued upon a judgment in a proceeding to foreclose a mortgage by *scire facias* in 1845: *Held,* that the purchaser was not entitled to a deed until the expiration of fifteen months from the date of the sale, as the land was subject to redemption.

APPEAL from the Circuit Court of Randolph county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of ejectment, by the appellees against appellants. The facts bearing upon the question discussed are stated in the opinion of the court.

Mr. THOMAS G. ALLEN, and Mr. LEWIS P. BUTLER, for the appellants.

Mr. WM. H. UNDERWOOD, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It was agreed on the trial below that Justus T. Rockwell died intestate on the 20th day of August, 1844, in possession of the premises in controversy, and that he was the owner of the same subject to a mortgage executed by him to Elisha Seymour. It was given to secure the payment of a note for $98.30, dated on the 10th day of September, 1843, due on the 10th day of September, 1845, and drew ten per cent interest. The mortgage was duly recorded.

Seth Allen was appointed administrator of Rockwell's estate on the 2d day of September, 1845, and was served with a writ of *scire facias,* which was sued out by Seymour to foreclose the mortgage. A judgment for the sale of the premises was rendered on the 23d day of September, 1845.

A special execution was issued and placed in the hands of the sheriff, who, on the 19th day of December, 1845, sold the land to Elisha Seymour. The premises were not redeemed, and the sheriff, on the 6th day of August, 1847, conveyed the same to the purchaser at the sale. Appellees introduced deeds showing a chain of title from Seymour to Ann E. Servant.

Appellants relied upon the statute of limitations by possession by themselves and those from whom they derive title for more than twenty years, before this suit was brought.

It appears the widow and heirs of Rockwell have remained in possession by themselves or tenants to the time of the trial in the court below.

There was some contrariety in the evidence as to whether or not Ford, who had married the widow of Rockwell, had not recognized Servant as his landlord a portion of the time he resided on and cultivated the premises. It is urged that, if that was true, Ford had no right to recognize the title of Servant, so as to change his possession from that of the widow and heirs to that of Servant. We will not stop to inquire whether the evidence establishes that Ford was the tenant of Servant, nor will we discuss the effect of that question in determining the case, as we think it turns upon other grounds.

As long as the relation of mortgagor and mortgagee existed between Seymour and Rockwell in his lifetime, and his heirs after his death, the statute could not run to bar the action. During the continuance of that relation, neither party in possession can interpose the statute of limitations as a defense against the other. It, then, can only commence to run after that relation has been terminated in some one of the modes known to the law.

In this case the suit was commenced by service on 14th day of November, 1866, something more than twenty-one years after the judgment on the *scire facias* was rendered, and almost twenty-one years after the land was sold on the execution. The time within which the land could have been redeemed, and when Seymour was first entitled to his deed, was on the 19th day of March, 1847. Thus it will be seen that, from the time Seymour could have had his deed, until this suit was brought, was nineteen years and almost eight months. And from the date of the expiration of the year allowed for a redemption by the heirs until the suit was commenced, lacks something more than a month of being twenty years.

Did the mere recovery of the judgment on the *scire facias* extinguish the relation of mortgagor and mortgagee? We think not. Whilst it may have made some changes in their respective rights, it must be conceded that the most essential and important continued. The money was still due the mortgagee, and he still retained unimpaired his lien on the premises, not only subject, but ordered, to be sold for its payment. Neither the note nor mortgage was satisfied or discharged, but both remained in full force. On the other hand, the representative and heirs of Rockwell had the undisputed right to redeem after the judgment was rendered, and that right continued for one year after the sale was made. The heirs in possession were not liable for use and occupation, or to account for rents and profits, until Seymour was entitled to his deed. And had the latter been and remained in possession after the rendition of the judgment, he would have been bound to account for rents and profits until the time for redemption had expired, precisely as though he had been in possession as mortgagee, and there had been no judgment rendered. Thus it will be seen that all of the important conditions of the relation continued until the time had passed for a redemption. And for that reason the statute could not begin to run until all of the rights of the mortgagor, his heirs or assigns, were foreclosed and barred.

It then follows that no portion of the time which elapsed before the time for the redemption by the heirs had expired, can be counted to bar the recovery. Nor can the statute begin to run until the right of entry accrues. And in cases of this character, the purchaser can have no right of entry until he has the right to receive a deed from the sheriff. Until then he has no legal title or right to be vested with a legal title. He could not maintain ejectment or other possessory action on his certificate of purchase. It is but an inchoate right, subject to be defeated at any time until he has the legal right to demand of the sheriff a deed that will pass to him the legal title.

There was not, in any point of view in which the evidence can be considered, proof of twenty years adverse possession by the heirs of Rockwell, and until it becomes adverse and hostile, it can not be computed in the time necessary to bar a recovery.

Nor is there any evidence of the payment of taxes by appellants, or those under whom they claim, for seven successive years, so as to bring the case within the statute of 1839.

It then follows that appellants failed to make out a defense sufficient to overcome the title shown by appellees. They both derive title from the same source, and the title inherited by the heirs was defeated by the foreclosure of the mortgage and cutting off their equity of redemption; and they having failed to show a bar to the action, appellee was entitled to recover, and the judgment of the court below must be affirmed.

*Judgment affirmed.*

The foregoing opinion was filed of the January term, 1872, after which a petition for a rehearing was presented, which was denied at the January term, 1873, when the following opinion was filed:

Per CURIAM: After a careful consideration of the grounds urged for a rehearing in this case, we are unable to arrive at

a different conclusion from that announced in the opinion, but shall briefly consider the grounds urged on the hearing and again presented in the petition, that, on a sale under a judgment on *scire facias*, there is no redemption, and that therefore the relation of mortgagor and mortgagee terminated at the time the land was sold, and the statute then began to run, and if so, the bar was complete when the suit was brought.

The 23d section of the chapter entitled "Judgments and Executions" provides the manner in which mortgages may be foreclosed by *scire facias*. It requires the court to render a judgment for the sum due on the mortgage with costs, and directs that a *fieri facias* be awarded for the sale of the premises, on which the like proceedings shall he had as in other cases of execution levied on real estate, but not to create a lien on other real or personal property.

On turning to section 12 of the same act, we find what the proceedings are under other cases of execution levied on real estate. It provides that, whenever any lands or tenements shall be sold by virtue of any execution, it shall be the duty of the officer, instead of executing a deed for the premises sold, to give the purchaser a certificate in writing stating, among other things, the time when the purchaser will be entitled to a deed unless the land shall be redeemed according to the provisions of that chapter. The sale in this case was under an execution, and manifestly falls within the 12th section, which requires the certificate of purchase to be given instead of a deed.

The 13th section of the same chapter provides that, the defendant whose lands shall be sold under "any execution," shall have twelve months within which to redeem the same. Now, this sale was made under an execution, and is manifestly within the provisions of the 13th section, and was clearly subject to redemption, and hence the relation of mortgagor and mortgagee did not terminate until the expiration of the time for redemption.

The cases of *Farnsworth* v. *Strasler*, 12 Ill. 487, and *West* v. *Flemming*, 18 Ill. 249, are referred to as showing that there was no redemption. In those cases the sales were under decrees in chancery proceedings, and not under judgment and execution, and are not governed by the same statutory provisions. The first of these cases was not the foreclosure of a mortgage, but was a bill to remove impediments by fraudulent conveyance, and to subject land to the payment of debts of the grantor, and the other case was under a decree in a case of a mechanic's lien. It was held, in each of these cases, that a redemption was not given by the statute under such sales; whilst, in the case under consideration, a redemption, as we have seen, has been given.

The petition for a rehearing must be refused.

*Rehearing refused.*