JUST L. HAMMALLE et al. Appellees, vs. LAFE LEBENS-
BERGER, Appellant.

*Opinion filed December 17, 1912.*

FREEHOLD—*proceeding to set aside certificate of sale does not
involve a freehold*. A certificate of sale does not convey or pur-
port to convey title, and a freehold is therefore not involved in a
proceeding to set aside such a certificate as a cloud on title.

APPEAL from the Circuit Court of LaSalle county; the
Hon. EDGAR ELDREDGE, Judge, presiding.

JAMES J. CONWAY, for appellant.

E. J. KELLY, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

The circuit court of LaSalle county by its decree set
aside as a cloud upon the title to a lot in Ottawa a certifi-
cate of sale made by the sheriff of said county to the ap-
pellant, Lafe Lebensberger, for the reason that, as alleged
in the bill of the appellees, the lot was the homestead of
William Midnight and Margaret Midnight, the defendants
in the execution, and granted an appeal to this court.

A certificate of sale does not convey or purport to con-
vey title, and a freehold is not involved in a proceeding to
set aside such a certificate as a cloud on title. (*Gage v.
Busse*, 94 Ill. 590; *Johnson* v. *McDonald*, 196 id. 394;
*First Nat. Bank of Denver* v. *Gibson*, 221 id. 295; *Glos*
v. *Sanitary District of Chicago*, 224 id. 272.) There is
no other ground upon which an appeal could be taken to
this court. The averment of the bill that the lot was the
homestead of William Midnight and Margaret Midnight is
not disputed, and counsel for appellant in his statement of
facts admits that it was proved.

The appeal should have been taken to the Appellate Court for the Second District, and the cause is transferred to that court. The clerk will transmit the transcript and files of the cause, with this order, to the clerk of said Appellate Court.                    *Cause transferred.*