MARY D. HOCKETT et al. Appellees, vs. WILLIAM S. LOGAN
et al. Appellants.

*Opinion filed February 20, 1913.*

1. FREEHOLD—*when a freehold is not involved.* A freehold is
not involved in a proceeding to set aside a certificate of sale as a
cloud upon title, as such certificate does not purport to convey
title; nor is a freehold involved in a suit to set aside a conveyance
upon the ground that it was made in fraud of creditors.

2. SAME—*question whether title is subject to payment of judg-
ment does not involve a freehold.* Where the complainant in a bill
to set aside a certificate of sale alleges title in herself, and such
allegation is denied by the answer but a cross-bill is filed alleging
that complainant's husband owned the legal title and conveyed it to
complainant to defraud creditors, the question at issue is whether
complainant's title is subject to the cross-complainant's judgment,
and no question of freehold is involved.

APPEAL from the Circuit Court of Jasper county; the
Hon. JAMES C. McBRIDE, Judge, presiding.

A. E. ISLEY, and F. C. VANSELLAR, for appellants.

FRANK T. O'HAIR, and STEWART W. KINCAID, for ap-
pellees.

Per CURIAM : The appellee Mary D. Hockett filed a
bill in the circuit court of Jasper county to set aside a cer-
tificate of sale made by the sheriff of that county as a cloud
upon her title to the eighty acres of land described in
the certificate. The holder of the certificate, who was the
plaintiff in the execution under which the sale was made,
filed a cross-bill to set aside a deed made to the appellee
Mary D. Hockett by the other appellee, Mahlon Hockett,
who was her husband, on the ground that the deed was
made with intent to defraud creditors. Answers were filed
to the bill and cross-bill, a hearing was had, and the court
rendered a decree dismissing the cross-bill and setting aside
the certificate in accordance with the prayer of the original

bill. An appeal was taken to the Appellate Court for the Fourth District. That court ordered the cause transferred to this court for the reason that "a freehold is involved in the determination of the cause."

A freehold is not involved in a proceeding to set aside a certificate of sale as a cloud upon title, for such certificate does not convey or purport to convey title. (*Hammalle* v. *Lebensberger,* 256 Ill. 547.) Nor is a freehold involved in a suit to set aside a conveyance because made in fraud of creditors. (*Conkey* v. *Knight,* 104 Ill. 337; *Sawyer* v. *Moyer,* 105 id. 192; *Chicago, Burlington and Quincy Railroad Co.* v. *Watson,* id: 217.) It is true that the bill alleges that Mary D. Hockett is the owner in fee of the premises and the answer denies it, but the cross-bill alleges that Mahlon Hockett was the owner of the premises in fee and conveyed them to Mary D. Hockett. Thus, Mary D. Hockett's title is not in issue but is admitted by all the parties in their pleadings. In a suit to remove a cloud from the title to real estate a freehold may or may not be involved. Where the complainant alleges a freehold in himself and his title is denied in the answer and controverted on the hearing, a freehold is involved. (*Hibernian Banking Ass'n* v. *Commercial Nat. Bank,* 157 Ill. 576.) In such case there is a real contention over the title of the complainant. But the litigation here is not over the complainant's title. It was not controverted on the hearing. There is no controversy about it. It is not disputed by any evidence or in argument that she has the complete, legal and equitable title. The only contest is whether her title was subject to the payment of the judgment, and this did not involve a freehold. The Appellate Court erred in holding otherwise, and the cause will be transferred back to that court.

*Cause transferred.*