(No. 11188.—Reversed and remanded.)

JOHN WELLS, Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed February 21, 1917—Rehearing denied April 6, 1917.*

TAXES—*quit-claim deed executed during period of redemption by holder of certificates of purchase at tax sale does not convey or assign the certificates.* Where the holder of a tax deed, who also holds several certificates of purchase at subsequent tax sales of the land, executes a quit-claim deed before the time for redemption from the subsequent tax sales has expired and uses no words in the deed expressing an intention to convey after acquired legal or equitable rights, the quit-claim deed does not convey or assign the certificates, and in a proceeding by the quit-claim grantee to register title the holder of the certificates is entitled to be reimbursed for moneys expended in subsequently obtaining tax deeds thereon. (*Scovil* v. *Kelsey,* 46 Ill. 344, criticised.)

CARTER, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellants.

VINCENT D. WYMAN, HARRY C. KINNE, and CHARLES E. CARPENTER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The question to be determined in this case is whether a quit-claim deed executed during the period of redemption by the holder of a certificate of purchase for lands sold for

taxes conveys any existing legal or equitable right or title to the grantee. The appellee, John Wells, applied to the circuit court of Cook county to register title in him in fee simple to lots 11 and 12 of the subdivision of lots 9 to 13, inclusive, in block 4, in Andersonville, in Cook county. The petition alleged that the appellant Jacob Glos claimed title under invalid tax deeds and that August A. Timke was trustee in a trust deed executed by Jacob Glos. The appellant Emma J. Glos was subsequently made a defendant. Answers were filed denying that the appellee was the owner of the premises, and the issue was referred to an examiner of titles, who heard the evidence and made a report recommending that title in fee simple in the appellee should be registered, that the tax deeds of Jacob Glos and the trust deed be set aside, and that Jacob Glos and Emma J. Glos should be reimbursed for the expenses incurred in securing one of the tax deeds. The court heard the cause on exceptions to the report, confirmed it and ordered the title registered.

There had been a number of sales of the premises for delinquent taxes and special assessments at which Jacob Glos was purchaser, and prior to August 1, 1894, three tax deeds to him had been executed. On that day Jacob Glos and Emma J. Glos, his wife, executed a quit-claim deed in statutory form, conveying all interest in the premises to William J. Richardson, who afterward made a like deed to William M. White, and William M. White quit-claimed his interest to the appellee. When the quit-claim deed was made by Jacob Glos and wife he also had three certificates of purchase on sales made in September, 1893, and on these the statutory period of redemption had not expired. Subsequent to the execution of the quit-claim deed three tax deeds were issued on the certificates of sale, and the examiner and the court refused to allow any reimbursement on account of these tax deeds on the ground that whatever interest Jacob Glos had, passed by his quit-claim deed.

The Conveyance act provides that the statutory quit-claim deed shall be a good and sufficient conveyance of the existing legal or equitable rights of the grantor in the premises therein described but shall not extend to after-acquired title unless words are added expressing such intention. The case of *Scovil* v. *Kelsey,* 46 Ill. 344, arose before the enactment of that statute, and was an action of assumpsit by the husband of the grantee in a deed against the purchaser at a tax sale for the redemption money which the grantor had received after executing the deed. The grantee had executed a deed to her husband which the trial court excluded, and the ruling was approved because a married woman could not make a conveyance unless her husband joined in the deed. That disposed of the case, but the court said that the purchaser at a tax sale acquired an equitable interest in the land, which during the two years was represented by the right to the redemption money if paid, and that a conveyance of the land would pass that equitable interest and the right to the redemption money, as between the parties, as effectively as an assignment of the certificate. The language used concerning an equitable interest in land being represented by redemption money was inaccurate, and the decision is not in harmony with numerous subsequent decisions of the court. In *Rockwell* v. *Servant,* 63 Ill. 424, it was held that the purchaser of land under an execution on the foreclosure of a mortgage by *scire facias* has no legal title, or right to be invested with a legal title, until the time for redemption has expired; that his right is but an inchoate right, subject to be defeated at any time until he has the legal right to demand a deed that will pass to him the title. In *Huftalin* v. *Misner,* 70 Ill. 55, it was held that a certificate of purchase on an execution sale gave to the defendant in that suit no title or interest in the lands sold, for the reason that the time for redemption had not expired. In the case of *Bowman* v. *People,* 82 Ill. 246, the single question was whether the holder of a certificate

of purchase under an execution sale had such an interest in the land before the expiration of the period allowed for redemption as was subject to levy and sale. The statute defined the term "real estate" to include lands, tenements, hereditaments, and all legal·and equitable rights therein and thereto, and all such rights and interests were subject to execution. The court stated the question as follows: "What interest does a purchaser of land at a sheriff's sale obtain in the land itself before the expiration of the period of redemption? Does that interest, whatever it may be, come within any definition given of real estate?" The court answered the question as follows: "We think it does not. It is not expressly defined, and if it is comprehended at all in the statutory definition it must be by the indefinite words 'all legal and equitable rights and interests therein and thereto,' but we are of opinion it is neither a legal nor equitable estate in the land itself before the lapse of the period allowed the judgment debtor for redemption." The court sustained that conclusion by reasoning that before the expiration of the period for redemption it could not be known whether the interest would be personalty or realty; that if redeemed after the death of the purchaser the money would go to his personal representatives and not his heirs, and that it was a mere bid for the land that might or might not become an interest in the soil. In *Gage* v. *Busse,* 94 Ill. 590, a bill was filed to remove as a cloud upon title certificates of sales of land for taxes, and it was held that no freehold was involved. In *Lightcap* v. *Bradley,* 186 Ill. 510, it was held that a certificate of purchase does not purport to convey any title but on its face states the contrary by stating the amount of the bid and when the holder will be entitled to title if the premises are not redeemed. In *Kronenberger* v. *Heinemann,* 190 Ill. 17, where a petition was filed in a chancery cause praying that a sale be set aside and the certificate canceled, it was held that a certificate of sale does not convey any title. In *Bush* v. *Caldwell,* 224

Ill. 93, in which a bill was filed to enjoin the purchaser at a tax sale from taking out a tax deed, the court held that as a tax deed had never been issued and might never be, the claim of the purchaser had not yet ripened into a title. In *Hammalle* v. *Lebensberger,* 256 Ill. 547, it was said that a certificate of sale does not convey or purport to convey title. In *Hockett* v. *Logan,* 257 Ill. 326, a bill was filed to set aside a certificate of sale, and it was held that the certificate did not convey or purport to convey title.

The statute provides that the county clerk shall make and deliver to the purchaser a certificate of purchase which shall be assignable by indorsement, and an assignment thereof shall vest in the assignee or his legal representatives all the right and title of the original purchaser, and in the case of *Scovil* v. *Kelsey, supra,* the court said that if a deed were made to one person and a certificate assigned to another, both innocent purchasers, the holder of the certificate might with some reason insist on a superior right to the redemption money, which, perhaps, was not entirely consistent with the holding that a purchaser acquired an equitable interest in the land itself which would pass by a deed. The quit-claim deed of Jacob Glos used no words expressing an intention to convey after acquiring legal or equitable rights in the premises, and it was not operative to convey the certificates of purchase or to operate as an assignment of them.

The decree is reversed and the cause remanded, with directions to allow to Jacob Glos such an amount of money as will reimburse him for moneys expended in obtaining the tax deeds in question.

*Reversed and remanded, with directions.*

Mr. JUSTICE CARTER, dissenting.