JOHN A. HELTON

*v.*

JOHN ELLEDGE.

*Opinion filed October 25, 1902.*

APPEALS AND ERRORS—*freehold not involved in a proceeding to set aside levy on land.* A freehold is not involved in a proceeding to vacate a judgment and to remove the transcript, execution and levy as a cloud upon complainant's title, since, even if the judgment, execution and levy were held valid, the loss of a freehold could be avoided by payment of the judgment or by redemption after sale on execution.

APPEAL from the Circuit Court of Edgar county; the Hon. H. VANSELLAR, Judge, presiding.

DUNDAS & O'HAIR, for appellant.

H. S. TANNER, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The sheriff of Edgar county, on the 5th day of October, 1901, levied upon certain real estate of the appellee situated in said county, by virtue of an execution and fee bill issued by the clerk of the circuit court of said county upon a judgment rendered before a justice of the peace in favor of Sasanah Mays, against the appellee, a transcript of which had theretofore been filed in the office of said clerk. On the 31st day of October, 1901, the appellee filed a bill in chancery in the circuit court of said county to vacate and set aside said judgment and to remove said transcript, execution and levy as a cloud upon his title, on the ground that the justice did not have jurisdiction of the person of the appellee and was without authority to render said judgment. An answer and replication were filed, and upon a hearing the court entered a decree granting the relief prayed for in said bill, and an appeal has been prosecuted to this court.

It is clear the appeal must be dismissed. No freehold is involved, and there is no other ground upon which an appeal would lie direct to this court. The title to the land levied upon is not in dispute, as that is admitted to be in the appellee, the only controversy being as to the existence of a lien; and if the judgment should be held to be valid and the transcript, execution and levy to create a valid lien, its enforcement would not necessarily cause the appellee to lose or the appellant to gain a freehold. Such result may be avoided by the payment and satisfaction of the judgment lien before a sale, or by a redemption within the time allowed by statute in case a sale should be made. *Galbraith* v. *Plasters*, 101 Ill. 444; *Herdman* v. *Cooper*, 125 id. 359; *Adkins* v. *Beane*, 135 id. 530; *Kronenberger* v. *Heinemann*, 190 id. 17.

The appeal will be dismissed. *Appeal dismissed..*