## Ida L. Pasquay, Appellee, v. Arthur Keithley, Appellant.

### Gen. No. 4,932.

1. STATUTE OF FRAUDS—*when oral contract for sale of land valid.* An oral contract for the sale of land may be as obligatory upon the parties to it as a written contract, where such parties do not raise the objection that it is not in writing.

2. STATUTE OF FRAUDS—*when cannot be availed of in equity.* In

equity a defendant cannot avail himself of the Statute of Frauds unless he pleads it.

3. STATUTE OF FRAUDS—*who cannot plead defense of.* The defense of the Statute of Frauds is personal and cannot be made by persons who are neither parties nor privies thereto; creditors are not privies to contracts of their debtors and cannot interpose the Statute of Frauds.

4. NOTICE—*effect of possession as.* Possession of real estate is notice of a claim of equitable right therein.

5. ATTACHMENT—*extent of rights acquired by.* A creditor by attachment obtains no greater right than his debtor had.

Bill in chancery. Appeal from the Circuit Court of Peoria County; the Hon. L. D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

Statement by the Court. Ida L. Pasquay, appellee, filed her bill in chancery against Ernest A. Pasquay, Rudolph Pasquay, Albert Pasquay and Arthur Keithley, together with Rudolph Pasquay, Ernest A. Pasquay and Albert Pasquay, as administrators with the will annexed of the estate of Emilie Pasquay, deceased, praying for certain relief therein. The bill was afterwards amended.

The bill as amended alleges in substance that Emilie Pasquay died testate in February, 1903, leaving Albert, Rudolph and Ernest Pasquay with complainant as her only heirs, all of whom were of full age at the time of their mother's death; that she died seized of the south half of lot six in block sixty-four in Monson and Sanford's addition to the city of Peoria, which was of the fair cash value of $4,500; that said will was admitted to probate; that the executors and trustees named in said will declined to qualify, and her three sons were appointed administrators; and the will is made a part of the bill. The provisions of the will involved in this case are:

"Second. It is my will that my executors shall divide all my estate (except the sum of $4,500 of which I will dispose in the next clause) in equal shares among my children.

"Third. I give and bequeath to my daughter, in addition to her one-fourth share of my estate, $4,500, which

sum I give to my executors and to the survivors and survivor of them.

"In trust for the purpose of paying my said daughter, Ida, the income and interest of the same in semi-annual installments for her sole personal use; and if such income or interest should not be necessary for my said daughter's use or support, the same to be reinvested the same as the principal and whatever sum shall remain or have accumulated at the death of my daughter, Ida, shall be divided among her brothers, their heirs, or assigns, it being my will that said interest or income from said $4,500 shall be paid to my daughter, Ida, during the term of her natural life.

"Fifth. It is my will that any money advanced by me to any of my children, and notes and mortgages given as security for such money with interest remaining unpaid thereon, should be kept out and deducted from the share or shares of such child or children at the division of my estate, unless I should otherwise hereafter dispose.

"Sixth. I wish to have my executors arrange a sale of my personal property and real estate that I may possess at the time of my death, giving my children the preference as purchasers at such sale.

"Seventh. I give to my said executors, their successors and successor, full power to execute all necessary deeds and conveyances in the disposition of my estate and to carry this will into effect."

It is alleged that the estate of Emilie Pasquay consisted largely of personal property, part of which was an indebtedness due from Ernest Pasquay of $3,625, from Rudolph of $900, and from Albert of $625, for moneys advanced by the deceased; that said administrators took possession of all said personal estate inventoried at $16,129.57, and held the same without making any account; that the debts against the estate amounted to only $429.31; that complainant became one of the bondsmen of said administrators; that the will directed the executors to sell all the personal and real estate owned by the deceased and divide the proceeds, one-fourth to each of the children of deceased, withholding $4,500 for the benefit of complainant; that in March, 1903, prior to

Pasquay v. Keithley.

their appointment as administrators, complainant and her three brothers entered into a verbal agreement that instead of said real estate above described being sold and converted into money, the same should be conveyed to complainant in lieu of the $4,500 bequeathed to her by the will of her mother, and that at the time of said agreement the said Ernest, Rudolph and Albert Pasquay delivered to complainant the exclusive possession of said described estate, and she entered into possession of the same and has been ever since in possession of the same in pursuance of said agreement and of conveyances hereinafter mentioned; that no deed of said property to this complainant was made by Ernest, Rudolph and Albert at the time of the delivery of possession to her, but they held the said $4,500 bequest to her as well as all the balance of said estate except a note and mortgage for the sum of $1,200; that afterwards by virtue of said agreement, and in consummation thereof, on August 1, 1904, Albert conveyed by quit-claim deed the said real estate to Rudolph, and on August 12th Rudolph conveyed in like manner to complainant, and on August 17, 1904, Ernest in like manner conveyed to complainant.

The bill further alleges that on July 2, 1904, Arthur Keithley sued out of the Circuit Court of Peoria county a writ of attachment against Albert Pasquay, and the sheriff of said county under said writ levied on said real estate, and upon the interest of Albert Pasquay; that afterwards, on January 3, 1905, a judgment was obtained in said attachment against Albert Pasquay, both on the attachment and in assumpsit, for $1,228.14, and afterwards the said property was sold on a special execution issued on said attachment, and said Keithley purchased said interest of said Albert Pasquay for $750, and now claims to be the owner of an undivided fourth interest therein; that at the time of the issuing and levying of said writ of attachment complainant was in full and exclusive possession of said real estate and that said Albert Pasquay had received all his rights, credits and shares in said real estate before the issuing of said writ; that by reason of the premises aforesaid the said

Albert, Ernest and Rudolph by joining with complainant "had the right to convert said real estate into real estate instead of into the proceeds" as directed by said will in favor of their sister, and did exercise the said right with the consent of complainant, and said Albert had no right against the protest of complainant, either voluntarily or by the action of creditors, to make such conversion or to part with his interest, and further alleges that complainant neither gave consent nor authorized said levy, but repudiated the same and alleges that said levy and proceedings thereunder are void and a cloud upon complainant's title; that at the death of Emilie Pasquay, complainant and said Albert lived on said premises, and complainant continued to make said premises her home until the making of the deeds aforesaid; that in addition to said $1,200 which have been turned over to complainant as a credit upon her undivided fourth interest in said estate, and after allowing the full value of said real estate, there is still due several thousand dollars, which is a first and prior lien under the provisions of said will as against said Keithley, and in case said real estate conveyed to complainant were to be sold and complainant were given her rights there would be more coming to her than the full amount of proceeds of said real estate, and in the event that said real estate be sold by a trustee appointed to make such sale, that the rights and equities of complainant should be ascertained and decreed to her as against all parties hereto. The bill prays that on a hearing the rights of the parties be ascertained; that the said attachment proceedings, including the levy and sale and the deed of conveyance thereunder by and between the said Arthur Keithley and Albert Pasquay, be declared null and void as against the rights and equities of complainant and a cloud upon her title, and that the title to said premises be confirmed and decreed in complainant free from all rights of said Albert Pasquay and Arthur Keithley, or in the event that said premises should be sold under said will, that a trustee be appointed and that the complainant be declared entitled to the proceeds thereof.

The defendant Keithley filed a general demurrer to the

bill as amended. The other defendants entered their appearance and were defaulted for failure to answer. The demurrer of Keithley was overruled, and he abiding by his demurrer, a decree was entered finding and decreeing that Albert Pasquay had no interest in said premises at the time of the levy of the attachment, and that said proceedings by said Keithley were null and void so far as they affected the title of complainant to said real estate, and further decreeing that the title to said real estate be vested in complainant. The defendant Keithley appeals.

ARTHUR KEITHLEY, for appellant.

SHEEN & MILLER, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The will of Emilie Pasquay directed that her real estate should be by her executors converted into money and divided amongst the children in equal shares, except that $4,500 was to be set apart and the income paid semi-annually to Ida Pasquay, appellee, and at her death the principal divided among her brothers, their heirs or assigns.

The bill alleges that before the will was probated in March, 1903, the complainant and her three brothers, who were all of age and were the only persons interested in the estate, made an agreement that the real estate in controversy should not be converted into money for the purpose of distribution, as directed by the will, but that it should be conveyed to complainant in lieu of the $4,500 bequeathed to her by her mother, and that at that time Ernest, Rudolph, and Albert delivered to complainant exclusive possession of said real estate and she then entered into possession, and has remained in possession ever since. This contract, while not in writing, was one that the parties thereto had the right to make and carry out.

An oral contract for the sale of lands may be as obligatory on the parties to it as a written contract where they make

no objections themselves that it is not in writing; and in equity a defendant cannot avail himself of the Statute of Frauds unless he pleads it.   School Trustees v. Wright, 12 Ill., 432; Kelly v. Kendall, 118 Ill., 650; Wilson v. Mason, 158 Ill., 304.   But the defense of the Statute of Frauds is personal, and cannot be made by persons who are neither parties nor privies thereto. It does not lie in the mouth of a third person to object for the parties to a contract that they are not bound by its terms because it is verbal.   Creditors are not privies to contracts of their debtors and cannot interpose the Statute of Frauds.   Singer, Nimick & Co. .v. Carpenter, 125 Ill., 117.   The parties to the contract neither claim the benefit of the Statute of Frauds nor defend, but by their default admit its validity, and appellant not being in privity with any of the parties cannot be heard to say it is not a valid and binding contract.   The general demurrer of appellant admits the truth of the allegations well pleaded, amongst which are that the interest of Albert Pasquay was sold to appellee in March, 1903, more than a year before the attachment was sued out, that appellee at that time took the exclusive possession of said property and has remained therein continuously ever since, and that she took the same as payment of $4,500, part of her share of the estate.   By that contract Ida Pasquay became the equitable owner of the property for a valuable consideration, and being in possession of it, appellant could not by his attachment obtain any greater right than Albert Pasquay had at the time of the attachment.

Appellee's possession of the real estate was notice to appellant of her equitable rights.   Maghee v. Robinson, 98 Ill., 458; Boyer v. Chandler, 160 Ill., 394.   The equitable rights of a purchaser of real estate who has paid the consideration and is in possession will be protected in equity, and possession is notice of all his rights.   Gallagher v. Northrup, 215 Ill., 563; Simonton v. Godsey, 174 Ill., 28; Moore v. Flynn, 135 Ill., 74.

The parol sale by three of the legatees to the remaining

legatee was not void. "The parties to a parol contract for the sale of land might surely consummate it at any time, and unless one of them chose to interpose the statute as a legal defense to an action for refusal to consummate such an agreement, it would evidently be obligatory." Whitney v. Cochran, 1 Scam., 209. "Practically all the writers on equity jurisprudence are agreed that contracts not under seal, and even contracts not in writing affecting or concerning an interest in land, are recognized in equity if they have been so far performed that to permit a party to repudiate them would of itself be a fraud,—and this court is committed to this doctrine." Ashelford v. Willis, 194 Ill., 492. When the contract between appellee and her brother was made in March, 1903, and appellee placed in the exclusive possession of the lot in controversy, Albert Pasquay had no equitable interest in the lot whatever, and appellant could not by levying an attachment obtain any greater right than his debtor had. The equities of appellant as a subsequent attaching creditor were not of equal right with those of appellee, and the demurrer was properly overruled.

The bill does not allege that Keithley had obtained a deed under his certificate of purchase, and therefore no freehold is involved. Helton v. Elledge, 199 Ill., 95.

The decree is affirmed.

*Affirmed.*