JAMES B. AKIN *et al.*, Plaintiffs in Error, *v.* RICHARD LLOYD *et al.*, Defendants in Error.

### ERROR TO BUREAU.

In chancery the jurisdiction of the court is confined to the county of the resi-dence of the defendants; service of process upon a resident of another county is insufficient.

THIS bill was filed by complainants, Akin and Boyden, who were complainants in the court below, to quiet and perfect their title to the south-west quarter Section 17, Township 15 north, Range 7 east of the 4th principal meridian, by removing therefrom a cloud, which is a pretended conveyance to the defendant, Lloyd, by the supposed heirs of Washington Hall, Sr., he having previously conveyed the land to the complain-ant, Akin, by his duly authorized agent, and to have Akin's title adjudged to be the paramount title.

Lloyd pleaded in abatement to the jurisdiction of the Circuit Court, because at the commencement of the suit he was, and now is, a resident of the county of Marshall.

The land is in Bureau county, and the complainants reside there.

The plea was set down for argument, and the court below held the plea to be good, and quashed the writ and dismissed the suit.

R. FARWELL, for Plaintiffs in Error.

Cited, Story's Eq. Pl., sec. 456; 13 Ill. 432; 25 Ill. 488; 4 Gilm. 211; Story's Eq. Pl., secs. 558, 662, 665, 715; 3 Scam. 297; 22 Ill. 201.

M. T. PETERS, for Defendants in Error.

Cited, 24 Ill. 246; 1 Saunders' Pl. and Ev., p. 4; Tidd's Prac., p. 637; 25 Ill. 586; 4 Gilm. 559, 560; 11 Ill. 477; 4 Gilm. 211.

CATON, C. J. The only question in this case requiring serious consideration is, whether a suit in equity, the object of

which is not to affect real estate, can be commenced in any county where the defendant can be found, as is the case in actions at law. The second section of our chancery code provides, that the mode of commencing suits in equity shall be by filing a bill "with the clerk of the Circuit Court of the · county within whose jurisdiction the defendants, or a major part of them, if inhabitants of this State, reside." The statute evidently intended to confine the jurisdiction to the county of the residence of the defendants, and does not authorize the court to take jurisdiction by mere service of process upon a resident of another county. The practice act for courts of law has these additional words after the word reside, "or may be found." This change of phraseology has, through all the revisions by the legislature, been retained, and this manifestly for a definite purpose. It was the intention of the legislature, that mere service of process should not give the court complete jurisdiction where the defendant is a resident of the State. We think the court decided properly in holding the plea good, and its judgment must be affirmed.

*Judgment affirmed.*