# CASES

### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT OF ILLINOIS.

FRANCIS HUTCHINSON

*v.*

ALBERT R. HOWE.

*Filed at Ottawa June 20, 1881—Rehearing denied September Term, 1881.*

1. FREEHOLD—*whether involved—as affecting right of appeal to Supreme Court.* On bill to have an agreement for the exchange of lands cancelled, and to recover $1000 liquidated damages for a neglect or refusal to perform the contract, where the defendant filed a cross-bill asking the same relief against the complainant, but afterwards by amendment prayed either for the specific performance of the agreement or a personal decree for the liquidated damages, both bills treating the contract as an alternative one, giving the parties each a right to perform by conveying, or by paying the agreed damages, and the circuit court dismissed the original bill and rendered a decree on the cross-bill, that the complainant convey the lands he agreed to within a certain time, and that in default of such conveyance he pay to the defendant $1000, the liquidated damages: *Held*, on appeal by the complainant in the original bill, that no freehold was involved, and therefore the appeal did not lie directly from the trial court to the Supreme Court.

2. A decree which gives a defendant an election to convey land to the complainant in pursuance of his agreement, or to pay a certain sum of money in lieu of such conveyance, in no sense affects the lands of the party against whom it is rendered, and no appeal lies directly to the Supreme Court.

3. In a bill to remove a cloud from the title to real estate, a freehold may or may not be involved, depending upon that which is claimed to create the cloud. When the litigation concerns an executory or conditional contract which is alleged to create a cloud, a freehold is not necessarily involved. If the cloud is a mere incumbrance, a freehold is not involved.

4. REMOVAL OF CLOUD—*party seeking must have a title.* Unless a party shows title to land in himself, he can not complain that there is a cloud upon it. He must have a title to the land to give him a standing in court before he can contest a cloud upon the title, whether it is created by an incumbrance or an adverse title. In such case the real contest is as to that which creates the cloud, and not the title of the party complaining, unless it. is put in issue by the pleadings.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Messrs. BRAWLEY & DUNNE, for the appellant:

1. It was essential for Howe to show, on February 1, 1879, power to make the title. Pomeroy on Spec. Per. secs. 315, 317, 380, 394–5, note 1; *Kent* v. *Humphrey,* 13 Ill. 573; 1 Sugden on Vend. 444, 577, 578; 2 Story's Eq. Jur. 776; *Andrews* v. *Sullivan,* 2 Gilm. 327; *Ditto* v. *Harding,* 73 Ill. 117; *Murphy* v. *Lockwood,* 21 id. 611; *Nolte* v. *Lowe,* 18 id. 437; *Morgan* v. *Herrick,* 21 id. 496; *Tyler* v. *Young,* 2 Scam. 446; 3 Parsons on Cont. 383, 386; Bingham on Sales, 802; *Benedict* v. *Lynch,* 1 Johns. Ch. 370, with note in 7 Am. Dec. 484, and 17 cases there cited; *Richmond* v. *Gray,* 3 Allen, 10; *Butler.* v. *O'Hear,* 1 Des. (S. C.) 382, in 1 Am. Dec. 671; *Milnor* v. *Willard,* 34 Ill. 41; *Heckard* v. *Sayre,* 34 id. 142; *Stow* v. *Russell,* 36 id. 38; *Phelps* v. *Illinois Central Railroad Co.* 63 id. 468; 77 id. 180; *Bastmeek* v. *Hess,* 80 id. 138; *Glover* v. *Fisher,* 11 id. 673; *Chrisman* v. *Miller,* 21 id. 227; *Wynkoop* v. *Cowing,* 21 id. 585; *Levin* v. *Cleary,* 75 id. 349; 36 id. 18; 26 id. 643.

2. Howe did not, on February 1, 1879, show proper title.

*a.* A contract to furnish an abstract showing good title is a contract to tender record title. Pomeroy on Spec. Per. sec. 353; 1 Chitty on Cont. 429; *Pomeroy* v. *Drury,* 14 Barb. 418, and cases there cited.

*b.* Abstract did not show record title.

3. Howe did not show power to make a title, at time of decree.

*a.*   Under a contract for record title, possessory title will not suffice.   *Page* v. *Greeley*, 75 Ill. 400, and *supra* under 2 *a*.

*b.*   Howe did not show even a good possessory title.   Note to *Lewis* v. *Herndon*, 14 Am. Dec. 72; Angell on Lim. p. 3, sec. 5, p. 576, sec. 384.

4.   Hutchinson was not in default February 1, 1879. *Wenne* v. *Reynolds*, 6 Paige, 407; 1 Ves. 567.

5.   Decree in alternative form was bad.   *Shields* v. *Barrow*, 17 How. 130; Pomeroy on Spe. Per. secs. 469 to 481; *Kent* v. *Humphreys*, 13 Ill. 573.

Messrs. PALMER & DENKEE, for the appellee, made the following among other points not herein given:

This court has no jurisdiction to entertain the appeal, as a freehold is not necessarily involved.   Act of 1879; *Akin* v. *Lloyd*, 28 Ill. 331; *Gage* v. *Busse*, 94 id. 590.

He who seeks equity must do equity.   The doctrine of courts of equity is compensation, not forfeiture.   *Murphy* v. *Lockwood*, 21 Ill. 611; *Andrew* v. *Sullivan*, 2 Gilm. 334; *Mix* v. *Beach*, 46 Ill. 316.

Delivery of abstract is not material.   Fry on Spec. Per. secs. 706, 712; Pom. on Con. 466; Hilliard, 203, 204; *Seton* v. *Slade*, 7 Ves. 265; *Helpwell* v. *Knight*, 1 You. & Coll. 419; *Roberts* v. *Berry*, 16 Beav. 31; affirmed, 3 DeG. M. & G. 284.

Party seeking to rescind must offer and be ready to perform.   *Davison* v. *Hill*, 1 Bradw. 70; *Peck* v. *Brighton*, 69 Ill. 203; *Bishop* v. *Newton*, 20 id. 178; *Baker* v. *Bishop*, 45 id. 270; *Mix* v. *Beach*, 46 id. 311; *Murphy* v. *Lockwood*, 21 id. 617.

Party in default has no right to say the contract is at an end.   *Myer* v. *Gross*, 59 Ill. 453; *Crabtree* v. *Levings*, 53 id. 530; *Snyder* v. *Spaulding*, 57 id. 487; *Peck* v. *Brighton Co.* 69 id. 203.

14                 Hutchinson *v*. Howe.                    [Sept.

Brief for the Appellant, in reply.   Opinion of the Court.

Messrs. Brawley & Dunne, for the appellant, in reply: .

As to what is a freehold. 4 Kent's Com. sec. 55, *24; 2 Washb. Real Prop. 250.

In a good bill to remove a cloud, a freehold is necessarily involved, because in such a bill the complainant must show title. *Emery* v. *Cochran*, 82 Ill. 65; *Wing* v. *Sherrer*, 77 id. 200; *Hopkins* v. *Granger*, 52 id. 504; *West* v. *Schnebly*, 54 id. 523.

The Appellate Courts have uniformly held to the same effect. *Young* v. *Stearns*, 3 Bradw. 498; *Patterson* v. *McKenny*, 6 id. 394; *Fitzgerald* v. *Fitzgerald*, 7 id. 191; *Robenson* v. *Peterson*, id. 398; *Sperry* v. *Young*, id. 402; *Whitehead* v. *Alexander*, id. 506; *Gage* v. *Bailey*, id. 619; *Gage* v. *McLaughlin*, id. 623.

Mr. Justice Scott delivered the opinion of the Court:

The original bill in this case was brought by Francis Hutchinson, in the Superior Court, against Albert R. Howe, and the object was to have a certain agreement of the date of November 1, 1878, between complainant and defendant, in relation to the exchange of lands, declared null, and cancelled, as being a cloud upon the title of complainant's property therein described, and to have a decree for the sum agreed upon as damages in case either party should fail to perform the contract. The contract is set out in the bill, from which it appears complainant was to convey certain real estate owned by him in Chicago to defendant, subject to certain incumbrances named, and in consideration of which defendant was to convey to complainant certain lands situated in the State of Mississippi, subject to incumbrances. By the terms of the contract complainant was to have the privilege of examining the property of defendant, and upon making such examination, if it proved to be satisfactory, complainant was to write across the face of the contract "satisfied," and from thence it was to be binding on both

parties. After making a personal examination of the property of defendant proposed to be exchanged, complainant, on December 1, 1878, indorsed on the contract "satisfied." Each party was to furnish abstracts showing good title to their respective property. The contract was to be performed within fifteen days after its acceptance by complainant. Either party failing to comply with his part of the contract was to forfeit and pay to the other party the sum of $1000, which amount was agreed upon as being in full of liquidated damages that would be sustained by failure to comply with the contract. The time in which the contract should be performed was several times extended by mutual consent, until it was agreed it should be closed on the first of February, 1879. Defendant placed the agreement on file in the recorder's office of Cook county, where complainant's property is situated; but it does not appear it was recorded in Mississippi, where defendant's property is. It is alleged by complainant, in his bill, that he furnished proper proof of his title to his lands, and that he was ready and willing to carry out the contract, but that defendant failed to show good title to his lands, and still failing to do so, on February 1, 1879, he refused to exchange property, for the reason defendant had not shown good title to his lands. On account of such failure it is alleged defendant became liable under the agreement to pay complainant $1000, being the amount of damages agreed upon for the failure of either party to perform it. After making a full answer to the original bill, denying all the principal allegations, but not under oath, defendant filed a cross-bill, in which he recited the substance of the original bill and his answer thereto, and then set forth his compliance with the terms of the agreement on his part to be kept, and that he was always ready and willing to perform the contract, but that complainant was not ready and willing to perform it. The prayer of the cross-bill was, that the agreement between the parties be cancelled, and that com-

plainant be decreed to pay defendant $1000 damages, as for the breach of such contract. Complainant demurred to that part of the cross-bill asking a cancellation of the agreement, because it was a part of the relief prayed for in the original bill, and answered the residue of the cross-bill. On leave obtained of the court for that purpose, defendant afterwards amended his cross-bill, alleging that on February 1, 1879, he was, and still is, ready to perform the agreement, and asked that complainant be decreed to perform it. Replications were filed to the answers to the original and cross-bills, and after the issues were thus formed the cause was referred to the master to inquire whether on February 1, 1879, the parties had good titles to their respective lands mentioned in the agreement, and whether on or before that date the parties furnished abstracts showing good titles. The report of the master is quite elaborate, and presents a very clear view of the testimony submitted. His conclusion was, that neither abstract showed good title to the lands the parties proposed to exchange. Exceptions were taken by defendant, Howe, to the report of the master, but complainant seems to have acquiesced in his findings. On the final hearing of the cause the court dismissed the original bill, and sustained the exceptions taken by defendant to that portion of the master's report not in harmony with the decree rendered on the cross-bill. As the court found complainant in the cross-bill had exhibited evidence of such title to the lands as he had covenanted to make, it was decreed defendant in the cross-bill should, at his election, either perform the agreement, or, in default thereof, pay complainant in the cross-bill $1000, the sum agreed upon as liquidated damages in case of a failure to perform the contract. Complainant in the original bill brings the case directly to this court to obtain a reversal of the decree of the Superior Court, and now defendant moves to dismiss the appeal for want of jurisdiction in this court in the first instance to hear and determine the appeal.

It is conceded that unless a freehold is involved in the litigation the appeal can not be maintained under the recent Practice act, in force since July 1, 1879. It is not apprehended how any freehold is or can be involved in this litigation, under any allegation contained in the original bill. No relief was asked that could in any manner affect the real estate of either party. Complainant had elected not to perform the contract, because of the failure of defendant to produce satisfactory evidence of his title to the property to be exchanged. The specific relief demanded was, that the agreement might be cancelled, and that complainant might have a personal decree against defendant for the sum agreed upon as liquidated damages in case of a failure to perform the contract. Certainly no decree was asked affecting the lands of defendant, and according to the theory of the bill complainant's lands were not involved. Defendant, by his original cross-bill, invoked the same relief for himself in regard to the agreement that complainant had asked by his bill, and nothing more. It is plain, therefore, that unless the amended cross-bill, which prays for a specific performance of the agreement, introduced a freehold into the litigation, none is involved. The original and cross-bills are all framed on the theory either party could refuse to convey the lands he proposed to exchange, and only be subject to the alternative contained in the agreement, viz: the payment of the liquidated damages agreed upon. Each party had an election as to which he would do. Electing to perform one part of the contract in that respect absolved him from any further obligation to perform the other. The decree of the court follows the construction given to the contract by both parties, and gives defendant in the cross-bill an election whether he will comply with that part of the agreement in relation to conveying the land or not, and on his electing not to convey the lands, the decree in that regard is not binding on him; but the decree for the payment of the liqui-

2—100 Ill.

dated damages in consequence of such election became absolute. The decree does not make it the duty of defendant in the cross-bill to convey his lands in performance of the agreement. He is left perfectly free to do it or not to do it, at his voluntary election. Such a decree in no sense affects the lands of the party against whom it is rendered. The only conclusive part of the decree is a personal decree for the payment of money, and nothing else. It is not understood either party claimed, by his pleadings, the other was under any absolute obligation to convey the lands concerning which the agreement was made. Either party could elect to pay the liquidated damages agreed upon, and be absolved from further performance of the agreement. How can it be said, then, a freehold is involved in this litigation? No duty is imposed upon defendant in the cross-bill by the decree, in regard to his lands, he might not of his own volition elect to perform,—that he could do or omit, independently of the decree. It neither imposed nor removed any restrictions in that respect.

In a bill to remove a cloud from the title to real estate, a freehold may or may not be involved. That depends on what it is that is said to be a cloud upon the title. When the litigation concerns an executory or conditional contract which is alleged to create a cloud upon the title to real property, a freehold is not necessarily involved. It may be a mere incumbrance, and yet a cloud upon the title it may be desirable to have removed. In proceedings to foreclose a mortgage, it has uniformly been held a freehold is not included by any logical construction. Primarily the mortgage indebtedness is the subject of the litigation, and the title to the mortgaged premises is seldom called in question. But where the cloud is created by an executed contract, as, a deed purporting to convey the title to the estate, and the question is made whether it is a valid deed or a mere cloud upon the title, a freehold would seem to be necessarily involved.

It is the title itself that is a matter of contention.  Keeping these distinctions in mind, the previous decisions of this court on this subject will be found to be in entire harmony. A principle recognized in all the cases is, that unless a party shows title to land in himself, it is not for him to complain there is a cloud upon it.  He must have a title to the land to give him a standing in court before he can contest a cloud upon the title, whether it is created by an incumbrance or an adverse title.  *Hopkins* v. *Granger*, 52 Ill. 504; *West* v. *Schnebly*, 54 id. 523; *Emery* v. *Cochran*, 82 id. 65.  In such cases the real contention concerns that which is said to create the cloud, and not the title of the party complaining, unless it is put in issue by the pleadings.  A clearer understanding of the rule that obtains will be had by an examination of some of the previous decisions.

No discussion was had in *Akin* v. *Lloyd*, 28 Ill. 331, whether a freehold was involved, and the case furnishes no aid in arriving at a conclusion in the present case.  The only question raised and discussed in the opinion of the court is, whether a suit in equity, the object of which was not to affect real estate, could be commenced in a county where the defendant could be found, as was the case in actions at law.  It was held, that under the second section of the Chancery Code, which prescribed the mode of commencing suits in equity or chancery, the jurisdiction of the court is confined to the county of the residence of the defendant, and that is all that is decided in that case.

In *Wing* v. *Sherrer*, 77 Ill. 200, that which was said to be a cloud upon the title to the property was a deed made by a stranger, who represented himself to be the party owning the land.  The object of the bill was to set aside the deed made by the stranger, as a cloud upon the title of the party claiming to be the true owner.  By the pleadings, the title complainant insisted was the paramount title, as well as the adverse title which defendant undertook to maintain was the

SCHOLFIELD and MULKEY, JJ., dissenting.

better title, and which was obtained under the deed from the stranger, were both distinctly put in issue, and it is apparent a freehold was involved in the litigation.

In *Gage* v. *Busse*, 94 Ill. 590, the bill was to remove a cloud from the title to lands created by certificates of purchase obtained at the sale of lands and lots for taxes. No deed had been made, and it was held no freehold was involved, and the court refused to take jurisdiction to hear the appeal for that reason. Neither in the opinion of the court nor in the statement of the case by the report, is there to be found any full recital of the facts. If the arguments of counsel are to be regarded, it would seem the controversy was measured by the amount the owner would be required to pay to discharge his lands from the liens of the taxes. Regarding it in that light, it was a mere incumbrance, like a certificate of purchase at a mortgage sale, that might or might not mature into a title.

The case at bar is within the principle of the case last cited, and is a stronger case for the application of the rule. That which is the subject matter of the controversy here, is which party shall be decreed to pay the other the sum agreed upon as liquidated damages for a failure to comply with the agreement between them, and the sum of money in contention is not even an incumbrance upon the property of either party. It seems quite clear, therefore, that no freehold is involved in this litigation, and the appeal must be dismissed.

*Appeal dismissed.*

SCHOLFIELD and MULKEY, JJ.: We do not concur in that portion of this opinion which assumes to lay down a rule by which to determine whether in bills to remove clouds from titles a freehold is involved. It is decided no freehold is involved in the present case, and the question what may be involved in other and different cases is not before us. What is said, it is true, will not be conclusive on this question in other cases where the precise question may be presented, but

it will tend to foreclose discussion, and may be insisted upon as *res judicata.* Moreover we do not, with all due respect to our brother who wrote the opinion, believe the rule as laid down to be accurate.