## THE HIBERNIAN BANKING ASSOCIATION

### *v.*

## THE COMMERCIAL NATIONAL BANK OF CHICAGO.

*Filed at Ottawa October 11, 1895.*

APPEALS AND ERRORS—*when bill to remove cloud on title involves a freehold.* In suit to remove cloud from title a freehold is involved, which defeats jurisdiction of the Appellate Court, where complainant alleges a fee title in himself which defendant denies, and the issue thus formed is one of the contested questions at the trial.

*Hibernian Banking Ass.* v. *Com. Nat. Bank,* 54 Ill. App. 277, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

WILSON, MOORE & MCILVAINE, for appellant:

Even if this were a bill to redeem, and the right to redeem were denied on the ground that the Statute of Limitations had barred it, it would no more involve a

freehold than a bill to foreclose in which the Statute of Limitations is pleaded. See the following authorities: *Ryan* v. *Sanford*, 133 Ill. 291; *Railroad Co.* v. *Watson*, 105 id. 217; *Lynch* v. *Jackson*, 123 id. 360; *Ragor* v. *Lomax*, 22 Ill. App. 631.

J. A. SLEEPER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from the judgment of the Appellate Court for the First District, dismissing an appeal from a decree rendered by the circuit court of Cook county on a bill to remove cloud from the title to real estate. The appeal was dismissed by the Appellate Court on the ground that a freehold was involved, and that the appeal should have been taken directly to this court. The appellant also sued out a writ of error from this court to the circuit court, and both proceedings are now pending here.

The facts are fully stated in the case pending on the writ of error between the same parties, and will not be repeated. (See *ante*, p. 524.)

This court has held that in a suit to remove a cloud from the title to real estate a freehold may or may not be involved. In such cases the real contention usually concerns that which is said to create the cloud, and not the title of the party complaining, unless it is put in issue by the pleadings. (*Hutchinson* v. *Howe*, 100 Ill. 11; *Miller* v. *Pence*, 115 id. 576.) Where the necessary result of the judgment or the decree is that one party gains and the other loses a freehold estate, and also in cases where the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue, although the judgment or decree does not result in one party gaining and the other losing the estate, we have held that a freehold is involved. *Ryan* v. *Sanford*, 133 Ill. 291; *Chicago, Burlington and Quincy Railroad Co.* v. *Watson*, 105 id. 217.

In the case at bar no freehold is involved in the controversy as to the nature of the title of appellant, for it is alleged in the bill and admitted in the answer that the warranty deed to Clarke, its president, and which is alleged to constitute the cloud sought to be removed, was a mere mortgage to secure the payment of a debt to appellant, and the only question respecting the lien was, whether or not it was still in existence at the time of filing the bill. But the complainant alleged in its bill that it was the owner in fee simple of the property in question, and asked the court to so decree. The defendant denied that the complainant was the owner of the title, and thus complainant's title was put directly in issue, and this was one of the controverted questions in the trial of the cause.

While this court has held that on a bill to remove cloud from a title the complainant is not bound to prove title as against all the world, (*Rucker* v. *Dooley*, 49 Ill. 377,) and that an equitable title may be sufficient to support the allegation of the ownership of the fee, (*Hemstreet* v. *Burdick*, 90 Ill. 444,) still, where the complainant alleges a freehold in himself, and this is denied in the answer, and the question becomes a controverted one on the trial, it is plain a freehold is involved in the case. In *Wing* v. *Sherrer*, 77 Ill. 200, on a bill to remove cloud from title, it was said (p. 203): "Preliminary to any relief, in any view of the case, it must be proven complainant is the owner of the real estate in controversy. By the pleadings his title is put directly in issue, and the burden of proof rests upon him to maintain it." See, also, *Ritchie* v. *Pease*, 114 Ill. 353, and *Walker* v. *Converse*, 148 id. 622, to the same effect, where the appeals were taken directly from the circuit court to this court.

The Appellate Court did not err in its judgment dismissing the appeal for lack of jurisdiction, and the judgment is affirmed.        *Judgment affirmed.*