CHARLES S. PAYNE *et al.*

*v.*

HENRY A. WHITE *et al.*

*Opinion filed February 17, 1904.*

1. APPEALS AND ERRORS—*whether freehold is involved on bill to remove cloud depends upon nature of cloud.* Whether a freehold is involved on a bill to remove a cloud upon title to real estate depends upon the nature of the alleged cloud.

2. SAME—*freehold not involved on bill to cancel conditional contract to convey.* A freehold is not involved on a bill to cancel an executory or conditional contract to convey land, even though the defendants claim they have performed the contract up to the time of the filing of the bill but do not seek any conveyance nor ask any relief.

APPEAL from the Circuit Court of Stark county; the Hon. T. N. GREEN, Judge, presiding.

MARTIN SHALLENBERGER, FRANK A. KERNS, and B. F. THOMPSON, for appellants.

FRANK THOMAS, and V. G. FULLER, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Upon a final hearing of the issues formed by the amended bill of appellants and the answer of appellees thereto, the circuit court of Stark county entered a decree dismissing the bill for want of equity, and from that decree this appeal was prosecuted.

The appeal was taken to this court on the alleged ground that a freehold was involved in the suit. The complainants in the bill were the appellants, Charles S. Payne and A. G. Hammond, executor of the last will and testament of Elizabeth A. Payne, deceased. The defendants were the appellees, Henry A. White and Nellie T. White, his wife. The purpose of the bill was to cancel an agreement in writing executed by said Charles S. Payne and Elizabeth A. Payne, his wife, as parties of the first part, and said Henry A. White and Nellie T. White, his wife, as parties of the second part, on February 11, 1899, and to remove the record of the same as a cloud upon the title to the real estate therein mentioned and for an injunction and accounting. The bill alleged the execution of the agreement and set out the same, whereby said Charles S. Payne and Elizabeth A. Payne agreed to give one-half of all their real estate in the city of Wyoming, Stark county, Illinois, except the store and fixtures and surroundings pertaining to the store, to the said Henry A. White and Nellie T. White in consideration of the agreement of said Henry A. White and Nellie T. White on their part to take care of said Charles S. Payne and Elizabeth A. Payne during their natural lives, and to take care of and keep in repair, in connection with the parties of the first part, the said property in such a manner as would enhance the value thereof and make it return such profit as to pay all expenses, taxes and encumbrance, and such claims against the parties of the first part, not to exceed $400, as might be presented. It was also agreed that the parties of the second part should have the right

to move into the house attached to the store and use the same free of rent and use such parts of the building as the parties might agree upon, and that both parties should have an equal interest in the management of all the property. It was alleged that the defendants had failed to perform their agreement to take care of the complainant Charles S. Payne, and of his wife while she lived, and to take care of and keep in repair, in connection with said complainant and his wife, the said property as agreed, and that the agreement had become burdensome and oppressive, and should be declared null and void. At the date of the agreement Charles S. Payne was eighty-one years old and his wife was seventy-nine years of age, and he was eighty-four years old when the bill was filed. The defendants moved into the house connected with the store and boarded Charles S. Payne and wife and collected rents from some of the property. Elizabeth A. Payne died May 9, 1902, leaving a last will and testament devising all her property to her husband, the complainant Charles S. Payne. When the agreement was made she was the owner of three lots, on which the store and fixtures and surroundings were located. The answer of defendants admitted the ownership of the real estate at the date of the agreement by the complainant Charles S. Payne and his wife; admitted the reservation of the store and fixtures and surroundings pertaining to the store, but denied that the three lots mentioned in the bill on which they were located were reserved; admitted the occupation of the house connected with the store, the purchase of household supplies from the store and the collection of money as rent for the opera house, but denied the other allegations of the bill.

Whether a bill to remove a cloud upon title to real estate involves a freehold depends upon the nature of the alleged cloud. A bill to remove as a cloud a deed purporting to convey a freehold estate involves the freehold. So, also, a bill for the specific performance of an

agreement to convey a freehold estate involves the free-. hold, but an executory or conditional contract for such a conveyance does not necessarily involve such freehold. (*Hutchinson* v. *Howe*, 100 Ill. 11.) In this case the alleged cloud did not purport to convey the fee which was in complainant Payne. He is not seeking to recover a freehold estate or to set aside an instrument purporting to convey it. No specified time is named in the agreement when the property shall be conveyed, and defendants are not seeking any conveyance or asking any relief, although they insist that they performed their contract up to the time of filing the bill. The contract is a conditional one. If it should be set aside the freehold would remain where it is, and, on the other hand, if it should be held valid and binding the defendants would only become entitled to a conveyance upon performance on their part. If they are entitled to a conveyance they are not seeking a specific performance of the contract, and in any view the freehold is not involved in the litigation. *Kesner* v. *Miesch*, 204 Ill. 320.

Counsel say the freehold is involved because the answer denied that the lots on which the store, fixtures and surroundings pertaining thereto were situated were included in the reserved property under the description of "the store, fixtures and surroundings pertaining to the store." That denial only raised a question as to the meaning of the language employed in the contract. If it should be held that the lots were included in the reservation they would remain as they are, the property of the complainant Payne, and if they were not reserved they would merely be subject to the contract the same as the other property. The ownership of those lots is not put in issue by the pleadings.

A freehold is not involved in the litigation, and the appeal should have been taken to the Appellate Court. The appeal is dismissed.    *Appeal dismissed.*