(No. 11065.)

C. F. IRWIN, Appellee, vs. J. M. MANLEY et al. Appellants.

*Opinion filed December 21, 1916.*

1. FREEHOLD—*no freehold is involved in bill to remove a judgment lien.* Where the sole object of a bill to remove a cloud on title is to procure the removal of a judgment as a lien on the land, the loss of the freehold can be avoided by the payment of the judgment if it is held to be a valid lien, and a freehold is not involved in such a controversy.

2. SAME—*freehold not involved in pleadings where defendants admit complainant has title.* In cases where the complainant alleges that he holds the title in fee and the defendant denies such allegation, and this question is contested on the trial, the title is put directly in issue in the pleadings and a freehold is involved; but no such issue is involved where the complainant alleges that he took the title in fee and the defendants admit that he did so but claim that he was to hold the title in trust to secure his own and their fees for services as solicitors in the grantor's divorce suit.

APPEAL from the City Court of Elgin; the Hon. FRANK E. SHOPEN, Judge, presiding.

J. M. MANLEY, and R. H. KRAMER, for appellants.

CHARLES B. HAZLEHURST, and GEORGE D. CARBARY, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee filed in the city court of Elgin a bill to remove a cloud on his title to lot 4 in block 56 of W. C. Kimball's Second addition to Elgin, alleging that James Sullivan, who was the owner of the lot subject to a trust deed for $750, dated October 23, 1911, and due one year after date, on December 15, 1911, was living with Ella Sullivan, his wife, on the premises and on that day left his home and deserted his wife, who continued to live on the premises until January 4, 1912; that on December 16, 1911, she filed a bill for divorce, which was granted on January 4,

276 – 23

1912, and in the decree it was provided that she take as permanent alimony the fee simple title to said lot 4 in full of solicitor's fees and costs as well as of alimony, and the decree purported to vest her with the full, complete, absolute and indefeasible title, free from all claims, debts and liabilities of her husband, except such as appeared of record in the recorder's office of Kane county, as completely as though the premises had been conveyed to her by a deed, and directed that a copy of the decree be filed with the recorder of Kane county, and when so filed constitute a link in the chain of title to said premises. After the rendition of this decree, on the same day the divorced wife conveyed the premises by a warranty deed to the appellee, who thereby became the owner of said premises in fee simple, subject to the $750 trust deed aforesaid. The bill alleged that on December 15, 1911, James Sullivan confessed a judgment in the city court of Elgin in favor of J. M. Manley and R. H. Kramer in the sum of $420, upon which an execution was issued and was returned not satisfied, but that the said judgment was not a lien on the premises because they were never worth to exceed $1700, and, being subject to the trust deed for $750, the estate of homestead to the extent of $1000 left nothing to which the judgment lien could attach, and that the said judgment was in most part fictitious and void and rendered by collusion between said Manley and Kramer and Sullivan; that the appellee, upon obtaining title to the premises, entered into possession of them and has continued in such possession to the time of filing the bill, and on March 22, 1912, entered into a contract to sell the said premises to Emma Petterson and Harry Petterson for the sum of $1700, free and clear of all incumbrances, and they moved into the premises under the contract of sale and have continued to reside there since; that the appellee desires to comply with the contract of sale, but the judgment of Manley and Kramer against Sullivan is a cloud on his title, which he asks to have removed.

J. M. Manley and R. H. Kramer were made defendants to the bill, and their answer admitted James Sullivan's ownership of lot 4, the giving of the trust deed, the filing of the bill for divorce, the entry of the judgment, the deed of Ella Sullivan to the appellee and the appellee's contract of sale. It alleges that the judgment was rendered upon a promissory note of James Sullivan to the defendants for services rendered and to be rendered; that about December 30, 1911, certain other judgments were about to be taken by other creditors against the said James Sullivan which would be liens upon the lot in question; that the defendants were solicitors for James Sullivan in the divorce suit and communicated their information that such judgments were about to be entered to the appellee, who was the solicitor for Ella Sullivan, and thereupon an agreement was made that the divorce suit be tried immediately, that the title to said lot 4 be vested in said Ella Sullivan, and after the payment of the costs of suit and a reasonable sum to said Ella Sullivan as alimony, said lot 4 should belong to and be the property of the defendants and the appellee, and that such agreement was for the purpose of paying the solicitors' fees of the defendants and the appellee, and it was then and there agreed by the appellee that he would take and hold the title to said lot as trustee for the defendants and himself for such purpose; that pursuant to such agreement the defendants entered the appearance of Sullivan in the divorce suit, filed his answer and consented to an immediate hearing; that said divorce suit was heard on January 4, 1912, and the appellee on the same day obtained title to said lot as trustee for the benefit of himself and the answering defendants pursuant to such agreement and is now holding the title to said premises as such trustee. The defendants Manley and Kramer also filed a cross-bill, representing that the appellee took and holds the title to the lot in controversy as trustee for the benefit of Manley and Kramer and himself and to pay their judgment, and pray-

ing that the appellee be decreed to hold the title to said lot as such trustee and required to account to Manley and Kramer for their interest in the lot. An answer was filed by the appellee to the cross-bill, among other things denying that he took the title to the lot as trustee and averring that he purchased it in good faith. Upon a hearing the court entered a decree granting the relief prayed in the original bill, and the cross-bill was dismissed upon motion of the cross-complainants. This appeal is prosecuted by defendants to the original bill, J. M. Manley and R. H. Kramer.

Briefs have been filed by both parties in which several questions have been discussed, but the first point presented on behalf of the appellee is that this court has no jurisdiction of the appeal because no freehold is involved. No other ground of jurisdiction exists, and it is apparent that a freehold is not in issue under the pleadings and will not be affected by the decree. The sole object of the bill is to procure the removal of the judgment as a lien on the lot, and if the judgment were held to be a valid lien, the loss of the freehold could be avoided by the payment of the judgment. Such a controversy does not involve a freehold. (*Helton* v. *Elledge,* 199 Ill. 95.) In cases where the complainant alleges that he holds the title in fee and the defendant denies such allegation and this question is contested on the trial, the title is put directly in issue in the pleading and a freehold is involved, (*Hibernian Banking Ass'n* v. *Commercial Nat. Bank,* 157 Ill. 576,) but there is no such issue in the pleadings in this case. The complainant alleges that he took the title in fee and the defendants expressly admit it.

The appellants have discussed, among other questions, whether the evidence establishes an estate of homestead in James Sullivan, whether the decree of divorce conveyed the title to lot 4 to Ella Sullivan, and whether her deed conveyed it to appellee. These questions cannot be considered on this record in view of the position of the appellants taken in the pleadings, which admit that the appellee took the title to

the premises and insist that he took it as trustee and should account to them as such trustee.

The appeal was improperly brought to this court, and the cause will be transferred to the Appellate Court for the Second District.    ·    *Cause transferred.*