(No. 15351.—Cause transferred.)
MAYNARD G. RANKIN, Appellee, *vs.* CHARLES A. STEWART, Appellant.

*Opinion filed June 20, 1923.*

1. FREEHOLD—*when bill to remove cloud on title involves freehold.* Whether a bill to remove a cloud upon the title to real estate involves a freehold depends upon the nature of the alleged cloud, and if the bill is to remove as a cloud a deed purporting to convey a freehold estate the freehold is involved.

2. SAME—*when a bill to remove contract for conveyance as a cloud on title does not involve freehold.* A bill which merely seeks to remove as a cloud on the title an executory or conditional contract for conveyance does not involve a freehold although it may be of such a nature as to cloud the title, and where the defendant admits that the title to the freehold is in the complainant and makes no defense except that the complainant has not performed the contract on his part, the title to the freehold is not put in issue by the pleadings and a direct appeal to the Supreme Court cannot be taken from a decree in accordance with the prayer of the bill.

APPEAL from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding.

DAVID G. ROBERTSON, for appellant.

CHARLES R. SMITH, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, Maynard G. Rankin, by his amended bill of complaint filed in the circuit court of Cook county, asked the court to set aside and remove as a cloud upon his title to the real estate in Cook county described in the bill, a contract for the conveyance of the same by him to the appellant, Charles A. Stewart, upon the performance by the parties of the conditions prescribed in the contract. The amended bill was answered and a decree was entered in accordance with its prayer. The court allowed to the appellant an appeal to this court upon a condition that was complied with, and the record was filed in this court.

Whether a bill to remove a cloud upon the title to real estate involves a freehold depends upon the nature of the alleged cloud. If the bill is to remove as a cloud a deed purporting to convey a freehold estate the freehold is involved. A bill which merely seeks to remove as a cloud on the title an executory or conditional contract for a conveyance does not involve a freehold although it may be of such a nature as to cloud the title. (*Hutchinson* v. *Howe,* 100 Ill. 11; *Kesner* v. *Miesch,* 204 id. 320; *Payne* v. *White,* 207 id. 562.) In this case the title to the freehold was not put in issue in any manner by the pleadings, and the defense alleged in the answer was that the appellee had not performed the contract on his part. There is no assignment of error touching the freehold, which it is admitted is in the appellee.

The law permitted an appeal to the Appellate Court but not to this court, and the record is transferred to the Appellate Court for the First District.        *Cause transferred.*