CAROLINE LEDERER, Plaintiff in Error, *vs.* BEN ROSENSTON, Defendant in Error.

*Opinion filed February 24, 1928.*

1. FREEHOLD—*general rule as to when freehold is involved.* A freehold is involved where either the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate or where the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue, and to give the Supreme Court jurisdiction the freehold must be directly, and not incidentally, involved.

2. SAME—*what determines whether freehold is involved in suit to remove cloud.* Whether a freehold is involved in a bill to remove cloud from the title to real estate depends upon the nature of the alleged cloud, and where the complainant's claim of title in fee is put in issue by the pleadings and controverted on the trial a freehold is involved, but a freehold is not involved where the title is not put in issue in any manner by the pleadings and there are no assignments of error raising the question of a freehold.

3. SAME—*when freehold is not involved in suit to remove trust deed as cloud.* Where a bill is filed to remove as a cloud on complainant's title a trust deed executed while the title was in another person by virtue of a deed claimed to be a forgery, and which is also sought to be set aside for fraud although the title has subsequently been re-conveyed to the complainant, a freehold is not involved if the only issue presented is raised by answer of the holder of the note secured by the trust deed, who denies the forgery and fraud, and by his cross-bill asking foreclosure.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

SCHEIN & BECKWITH, (GEORGE L. SCHEIN, and FRED W. BENTLEY, of counsel,) for plaintiff in error.

SHERMAN C. SPITZER, THOMAS J. HOBAN, RATHJE, WESEMANN, HINCKLEY & BARNARD, (FRANCIS E. HINCKLEY, of counsel,) for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Samuel Lederer and Caroline Lederer, his wife, were the owners, as tenants in common, of a flat-building in Chicago, subject to two trust deeds,—one for $49,333 and the other for $26,600. Kurt R. Beak looked after the renting of the property and the collection of the rents. On July 28, 1922, Beak negotiated a new loan of $80,000 to replace the two trust deeds, and a trust deed was executed to secure this loan. A deed dated December 8, 1922, purporting to be signed by Lederer and wife was filed for record on December 28, 1922, conveying the property to Edward Zeitz. On December 9, 1922, Zeitz executed a second mortgage or trust deed on the property for $15,000 to Eugene L. Garey, and this trust deed was filed for record December 11, 1922. On January 19, 1923, Zeitz re-conveyed the property to Lederer and wife subject to the trust deed of December 9, 1922, which deed was recorded on March 24, 1923. Notes evidencing the $15,000 for which the second trust deed was given were sold by Beak to Abe Goldberg, who later sold them to defendant in error, Ben Rosenston. On March 3, 1924, Samuel and Caroline Lederer filed their bill in the superior court of Cook county against Zeitz, Garey, Rosenston and Beak, in which they alleged that the deed of December 8, 1922, to Zeitz was a forgery; that they never executed nor delivered such a deed and that it was obtained by fraud and circumvention. The prayer of the bill was that this deed, together with the second trust deed for $15,000, dated December 9, 1922, and the deed from Zeitz

to Lederer and wife, dated January 19, 1923, be set aside as clouds upon the title. All of the defendants were defaulted except Rosenston, who filed an answer, in which he denied all allegations of fraud and circumvention; alleged that Lederer and wife executed and delivered the deed of December 8, 1922, and that the second trust deed for $15,-000, dated December 9, 1922, executed by Zeitz, was executed with the knowledge and consent of Lederer and wife. Rosenston also filed a cross-bill to foreclose the $15,000 mortgage. The cause was referred to a master, who found that the original bill should be dismissed for want of equity and that Rosenston was entitled to a decree of foreclosure under his cross-bill. Exceptions to the report were overruled and a decree was entered as recommended by the master. Pending the hearing Lederer died, and Caroline Lederer, individually and as trustee under the will of Lederer, prosecuted a writ of error from this court to review the decree.

A freehold is not involved in this case. A freehold is involved where either the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or where the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. (*Chapman* v. *Northern Trust Co.* 294 Ill. 383; *Kuhne* v. *Sanitary District,* 285 id. 129; *Becker* v. *Fink,* 273 id. 560; *Bartley* v. *Pleasure Driveway and Park District,* 251 id. 373; *People* v. *West Chicago Street Railroad Co.* 203 id. 551; *Prouty* v. *Moss,* 188 id. 84.) In order to give this court jurisdiction under a writ of error from this court to the trial court upon the ground that a freehold is involved, the freehold must be directly, and not collaterally or incidentally, involved. (*Town of Mattoon* v. *Elliott,* 259 Ill. 72; *Burroughs* v. *Kotz,* 226 id. 40.) A freehold is not involved in a proceeding where the only relief sought is to foreclose a mortgage. (*Allen*

v. *Allen,* 242 Ill. 510; *Beach* v. *Peabody,* 188 id. 75; *Van-Meter* v. *Thomas,* 153 id. 65.) Whether a freehold is involved in a bill to remove a cloud from the title to real estate depends upon the nature of the alleged cloud. (*Payne* v. *White,* 207 Ill. 562; *Hutchinson* v. *Howe,* 100 id. 11.) In a bill to remove a cloud upon title where complainant's claim of title in fee is put in issue by the pleadings and controverted on the trial a freehold is involved. (*Hibernian Banking Ass'n* v. *Commercial Nat. Bank,* 157 Ill. 524.) A freehold is not involved where the title is not put in issue in any manner by the pleadings and there are no assignments of error raising the question of a freehold. *Gits* v. *Ullrich,* 288 Ill. 527.

The bill filed in this case alleged that plaintiff in error owned the fee, and this contention is sustained by the evidence. The relief prayed was that certain deeds be set aside as clouds upon the title. The answer did not raise any question as to the ownership of the fee but merely denied the fraud. The cross-bill sought to foreclose the trust deed. If a decree had been entered upon the bill as prayed there would have been no change in the fee. Neither party would have gained or lost a freehold. A freehold was not involved, either directly or indirectly, under the bill or cross-bill.

The writ of error was improperly sued out from this court, and the cause will be transferred to the Appellate Court for the First District.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Cause transferred.*