(No. 33463.—

NELLIE JEFFRIES, Appellee, *vs.* GEORGE C. ADAMS, Appellant.

*Opinion filed September 23, 1955.*

Lucas T. Clarkston, of Chicago, for appellant.

Heber T. Dotson, of Chicago, for appellee.

Mr. Justice Schaefer delivered the opinion of the court:

A decree of the circuit court of Cook County adjudged that an instrument captioned "Contract and Assignment," and executed by the plaintiff, Nellie Jeffries, was void and ordered it removed as a cloud upon her title to two parcels of real estate located in Chicago. The defendant, George C. Adams, prosecutes this appeal.

On October 26, 1942, plaintiff retained defendant, an attorney, to represent her in several lawsuits involving five separate parcels of real estate. She executed a "Contract and Assignment," authorizing defendant to supervise the prosecution of the litigation. Although the terms "contract," "assignment," "power of attorney," "transfer" and "quit claim" are used in the instrument, its principal purpose was to effectuate a contract for legal services for plaintiff, "either as owner or as a surviving widow of William Jeffries." Plaintiff agreed to pay defendant "a sum equal

to one third (⅓) of any sum or sums that he may recover for me, by suit, settlement or otherwise, either in money or property or anything else of value," and the document concluded with plaintiff's statement: "I hereby assign, transfer, quit claim and set over to the said George C. Adams, a one-third (⅓) interest in and to the above described real estate, as his attorney's fees in connection with the said lawsuit, or lawsuits."

By her complaint to remove the instrument as a cloud upon her title, plaintiff alleged that she owned two of the five parcels; that defendant's fee was contingent upon recovering a judgment or effecting a settlement for her; that he recovered nothing for her, and that a settlement and recovery was effected by her present attorney. Plaintiff alleged, further, that she had, on several occasions, demanded of defendant that he withdraw and cancel the instrument. She also alleged that the contract was void for lack of both mutuality and of consideration upon the part of defendant.

Defendant filed an amended answer and an amended counterclaim. Neither the original nor the amended counterclaim has been abstracted; neither is incorporated in the record. By his amended answer, defendant admitted the title of plaintiff but alleged that she holds one-third of the real estate described in the complaint as trustee for his benefit. Defendant also alleged complete performance of the contract on his part, except to the extent that he was prevented from performing by plaintiff. Defendant denied that plaintiff had any right to ask him to withdraw and cancel the contract.

By her reply, plaintiff alleged that defendant abandoned her employ as her attorney and advised her to obtain other counsel.

The cause was referred to a master in chancery who was directed to hear the issues raised by the complaint, the

amended answer and the reply. The master's report found that although defendant represented plaintiff in many matters after the "Contract and Assignment" was executed, personally expended moneys in her behalf for costs and expenses incident to the litigation and employed another attorney as an associate in representing her, he did not make any recovery for her of any interest in the real estate described in the contract, and, therefore, had no interest in the property; that plaintiff acquired her interest in the two parcels of real estate described in the complaint after defendant's associate had withdrawn as her attorney and she had discharged defendant and employed her present attorney and as the result of a settlement effected through the latter's efforts. The decree confirmed the master's finding that the contract was void and constituted a cloud upon plaintiff's title to the two tracts described in her complaint.

Excluding allegations relating to a claim of prior adjudication, the principal issues made by the pleadings were whether defendant had fulfilled the conditions of the "Contract and Assignment" with respect to the rendition of legal services for plaintiff, or was prevented from performing, and whether the instrument failed for lack of consideration and mutuality. The evidence related primarily to the issue of defendant's performance or nonperformance of the agreement. Despite the narrow issues framed by the pleadings—the only issues referred to the master—defendant, for the first time, in his objections to the master's report, advanced the claim that the instrument executed by plaintiff was, in fact, a deed, which conveyed and assigned to him a present one-third interest of plaintiff's interest in each of the five parcels of property described, and, that, in the alternative, the instrument gave to him an irrevocable interest in any additional property, real or personal, to which he might be successful in asserting a claim in her behalf. It thus appears that the question whether the "Con-

tract and Assignment" was a deed was raised for the first time by defendant in his objections to the master's report, apparently as an afterthought. Defendant is not now in a position to contend that the instrument executed by plaintiff was a deed or an equitable assignment. His claim to title may have been raised in his amended counterclaim but that pleading was excluded from the reference to the master and, so far as the record shows, has not been adjudicated.

This court has jurisdictions of a direct appeal in actions to quiet title or remove a cloud only where a freehold is involved. (*Lederer* v. *Rosenston,* 329 Ill. 89.) In an action to remove a cloud from the title to real estate, a freehold may or may not be involved, depending upon the nature of the alleged cloud. (*Lederer* v. *Rosenston,* 329 Ill. 89; *Rankin* v. *Stewart,* 308 Ill. 598; *Payne* v. *White,* 207 Ill. 562; *Hutchinson* v. *Howe,* 100 Ill. 11.) Ordinarily, a freehold is involved in actions to quiet title or to remove clouds which are brought to perfect a fee-simple title or to remove a cloud by cancellation of a deed. (*Thomas* v. *Durchslag,* 404 Ill. 581; *Seibert* v. *Seibert,* 379 Ill. 470; *Kesner* v. *Miesch,* 204 Ill. 320.) In such actions where the plaintiff alleges title in himself and defendant denies his title and contests it upon the hearing, a freehold is involved. (*Hockett* v. *Logan,* 257 Ill. 326; *Hibernian Banking Ass'n* v. *Commercial Nat. Bank,* 157 Ill. 576.) But it is well settled that an action to remove an executory or conditional contract for a conveyance of real property as a cloud upon the title does not involve a freehold where the title is not questioned. (*United Electric Coal Companies* v. *Keefer Coal Co. of Illinois,* 338 Ill. 288; *Rankin* v. *Stewart,* 308 Ill. 598; *Payne* v. *White,* 207 Ill. 562; *Hutchinson* v. *Howe,* 100 Ill. 11.) In particular, a freehold is not involved in such cases even though the defendant claims to have performed the contract but does not seek a conveyance. *Payne* v. *White,* 207 Ill. 562.

In *Irwin* v. *Manley,* 276 Ill. 353, where the plaintiff alleged that he took title in fee and defendants admitted that he did so but claimed that he was to hold the title in trust to secure his own and their fees for services as solicitors in the grantor's divorce suit, a freehold was not involved. The court said: "In cases where the complainant alleges that he holds the title in fee and the defendant denies such allegation and this question is contested on the trial, the title is put directly in issue in the pleading and a freehold is involved, * * * but there is no such issue in the pleadings in this case."

In *Kesner* v. *Miesch,* 204 Ill. 320, the plaintiff sought to remove as a cloud upon her title to real estate in Chicago a purported contract between defendant and herself for the sale and conveyance by her to him of the property, in consideration of the conveyance by him to her of certain lots and the payment of $10,500 in cash. The instrument was signed by Mrs. Miesch, "Per J. A. Amendt, Agt." The complaint alleged that Amendt acted without authority and that she did not learn of the alleged contract until 17 days after its execution. A decree was entered in favor of plaintiff. Deciding that a freehold was not involved in the appeal, this court said: "* * * if the contract should be held valid, appellant would only become entitled to a conveyance upon performance on his part. The title to the freehold is not put in issue in any manner by the pleadings, * * *. In a suit for specific performance to compel the execution of a conveyance of a freehold estate the freehold is involved, but appellant has not sought such relief in this case." Similarly, in the present case, defendant did not seek specific performance to compel the execution of a deed of a freehold estate. He may have sought such relief by his counterclaim. It was not, however, referred to the master or adjudicated.

In *Payne* v. *White,* 207 Ill. 562, this court said: "In this case the alleged cloud did not purport to convey the

fee which was in complainant Payne. He is not seeking to recover a freehold estate or to set aside an instrument purporting to convey it. No specified time is named in the agreement when the property shall be conveyed, and defendants are not seeking any conveyance or asking any relief, although they insist that they performed their contract up to the time of filing the bill. The contract is a conditional one. If it should be set aside the freehold would remain where it is, and on the other hand, if it should be held valid and binding the defendants would only become entitled to a conveyance upon performance on their part. If they are entitled to a conveyance, they are not seeking a specific performance of the contract, and in any view the freehold is not involved in the litigation."

Here, the title to the freehold was not in issue on the pleadings before us. Plaintiff alleged that she owned the property and defendant admitted her title, making the principal defense that he had performed the "Contract and Assignment." The issues referred to and decided by the master did not involve a freehold. The evidence went to the question whether defendant rendered, or was prevented from rendering, the legal services called for by the instrument in question. No question concerning the freehold was contested or decided in the trial court and none is properly presented upon this appeal. Defendant's belated assertion in his objections to the master's report that the "Contract and Assignment" was a deed or an equitable assignment is insufficient to confer jurisdiction of this direct appeal.

The cause is transferred to the Appellate Court for the First District.