(No: 35423.—)

COLUMBUS TAYLOR, Appellant, *vs.* OLLIE BROWN, Appellee.

*Opinion filed May 18, 1960.*

PRESCOTT, BURROUGHS, TAYLOR & CAREY, of Chicago, (A. M. BURROUGHS, of counsel,) for appellant.

HAFT, SHAPIRO AND DAVIS, of Chicago, for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook County. The appeal has been taken to this court on the ground that a freehold is involved. The case was commenced in the trial court by Columbus Taylor, the vendee in a certain real-estate contract. He alleged that the defendant, the vendor in said contract, had served him with a notice of forfeiture and had taken steps to forfeit the contract. Plaintiff alleged that he was not in default and that no grounds for forfeiture existed, and prayed for an accounting, an injunction restraining the forfeiture and a reinstatement of the contract and also prayed that defendant be compelled to perform her part of the contract. Defendant filed a counterclaim setting forth certain alleged defaults in plaintiff's performance of the contract and prayed for a money judgment and a decree forfeiting the contract. The case was referred to the master in chancery who submitted his report finding the issues in favor of the defendant on the counterclaim. The court entered a

decree confirming the master's report, entering a judgment against plaintiff on the counterclaim and declaring a forfeiture of the contract. A writ of assistance was ordered to issue to restore defendant to possession of the property.

It is apparent that this case should have been appealed to the Appellate Court, for no freehold is involved. A suit to restrain a forfeiture of a real-estate contract does not involve a freehold. (*United Coal Companies* v. *Keefer Coal Co.* 338 Ill. 288.) Where the issue in the case is whether one of the parties to the contract had performed his part of the contract no freehold is involved. (*Rankin* v. *Stewart*, 308 Ill. 598.) An appeal from a decree declaring a forfeiture of a real-estate contract for failure to pay the installments due thereunder does not involve a freehold. *Reinhardt* v. *Matheson*, 333 Ill. 56.

The cause is therefore transferred to the Appellate Court for the First District.

*Cause transferred.*