Caroline Lederer, pro se and as Trustee under the Last Will and Testament of Samuel Lederer, Deceased, Plaintiff in Error, v. Ben Rosenston, Defendant in Error.

Gen. No. 32,764.

Opinion filed October 3, 1928.

SCHEIN & BECKWITH, for plaintiff in error; GEORGE L. SCHEIN and FRED W. BENTLEY, of counsel.

SHERMAN C. SPITZER, THOMAS J. HOBAN and RATHJE, WESEMANN, HINCKLEY & BARNARD, for defendant in error; THOMAS J. HOBAN and FRANCIS E. HINCKLEY, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

The complainants, Samuel Lederer and Caroline Lederer, husband and wife, filed their bill of complaint in the superior court of Cook county, charging that they were the owners in fee simple, as tenants in common, of certain premises located in the city of Chicago, known as 7735-57 Sheridan Road. Edward Zeitz, Eugene L. Garey, Ben Rosenston and Kurt R. Beak were made parties defendant to said bill; charging further that at the time they took title to said property there was a certain trust deed of record for the sum of $49,333 and subject also to a second trust deed for the

sum of $26,600; charging further that in 1922 they negotiated with Beak, one of the defendants herein, for the purpose of having him procure a first mortgage upon said premises for the sum of $80,000 and to issue bonds secured by said trust deed and, out of the proceeds, retire the said first and second trust deeds already upon the property; charges further that pursuant to said agreement, said Beak undertook to and did market bonds and procure the issuance of the trust deed securing the same and paid the indebtedness secured by the two trust deeds previously of record; charges that on December 28, 1922, the defendants Beak and Zeitz caused to be placed on record in the recorder's office a document purporting to be a warranty deed from the plaintiff to the defendant, Zeitz, conveying the property in question and charging that said warranty deed was not acknowledged before a notary public by the complainants and that the signatures of the complainants were obtained by fraud; charging further that said warranty deed was held by said Beak for several months and recorded on the 8th day of December, 1922, by reason of a conspiracy between Beak and Zeitz to defraud complainants and that said instrument was not their free and voluntary act; charges that on March 24, 1923, a certain warranty deed from Zeitz to your orators, bearing date of January 19th of the same year, was recorded of record in the recorder's office of Cook county; charges further that on December 9, the defendants Beak and Zeitz caused a certain second trust deed to be executed herein to one Geary, defendant herein, who was named trustee, securing the payment of 12 certain notes executed by Zeitz, payable to his order and by him indorsed; charging that one Rosenston, defendant herein, is the holder of said notes, but that he is not a holder in good faith nor for value and that he acquired said notes and purported mortgage without investigation of the ownership of the premises described

in said trust deed; charges that said Rosenston threatens to take possession of said property under his alleged trust deed and apply for the appointment of a receiver for said premises; prays that the said Rosenston be enjoined from starting any such proceeding and that the warranty deed from Lederer to Zeitz be canceled and held for naught, and that the deed from Zeitz to Lederer be canceled and the trust deed to Rosenston removed as a cloud on the title.

To this bill the defendant Rosenston filed an answer denying the allegation of fraud and charging further that he made a thorough and careful investigation as to the ownership of said premises before accepting the notes and trust deed and that he paid a valuable consideration and had no knowledge of any fraud on the part of Beak or Zeitz, if any fraud there was.

The defendant Rosenston filed his cross-bill in said cause asking for a foreclosure of the trust deed securing the notes in question and to this cross-bill the complainants filed their answer as cross-defendants, setting up in effect that they had never parted with the ownership or the possession, but had been continuously in possession of said premises and that the cross-complainants knew of the fraud practiced upon them in the procurement of the warranty deed from them to Zeitz.

The cause was referred to a master who found that the complainants had made, executed and delivered their warranty deed conveying the premises to Zeitz and appeared before the notary and acknowledged the same, and recommended that the original bill of complaint be dismissed for want of equity and that the trust deed proceed to foreclosure.

The report of the master was approved by the chancellor and a decree was entered dismissing the original bill for want of equity and directing a sale of the property to satisfy the indebtedness claimed under the cross-bill. From this decree an appeal was taken to

the Supreme Court of this State where it was held that the complainants were the owners of the property and that the question of title was not involved and the cause was transferred to this court for the purpose of its consideration of the rights of the cross-complainant to a foreclosure under his cross-bill. *Lederer v. Rosenston*, 329 Ill. 89.

It appears that during the pendency of the proceeding, Samuel Lederer died and the proceeding continued in the name of Caroline Lederer, *pro se,* and as trustee under the last will and testament of Samuel Lederer.

It appears from the testimony that Beak had been for some time engaged in the real estate business in the city of Chicago and had been engaged with Lederer in certain real estate operations other than the one in question. Lederer's wife, complainant herein, appears to have placed complete reliance in her husband and frequently affixed her signature to blank papers which he used in handling certain real estate transactions. The notary public who took the acknowledgment of the deed to Zeitz testified positively that Caroline Lederer and Samuel Lederer signed and acknowledged said instrument before her, as a notary public, and we see nothing in the record that would cause us to disregard her testimony.

The rule is well recognized that the burden of proving fraud is upon the party alleging it. There appears to be no such evidence in the record connecting Rosenston with the transaction as would authorize a court of equity to hold that he had participated in any fraud or had such knowledge of it as would warrant the invalidating of his notes and trust deed. The only allegation in the bill, so far as Rosenston is concerned, was that he had not made a sufficient investigation as to the ownership of the premises. We doubt whether or not any investigation was necessary, but it does appear from his testimony and it is uncontradicted that, before accepting the trust deed and notes, he made an investi-

gation of the record and found that there was no deed from Lederer to Zeitz of record; that he thereupon communicated this fact to Beak and was informed by him that the deed had been recorded by him that morning. It appears that he thereupon made another investigation of the record and found that to be the fact and, thereupon, paid by check for said notes the sum of $12,646.44. It appears further that he had purchased these notes for a client by the name of Goldberg who, in turn, had paid him for them. It appears further from the evidence that Beak continued to collect the rents from said premises during the time that the title was in Zeitz and that the notes, as they matured, were paid by Beak & Company: and charged to Lederer. Two principal notes, Nos. 1 and 2, together with the interest thereon, were so paid by Beak.

On January 9, 1924, Lederer gave his check to the order of Rosenston for the payment of the principal and 'interest falling due on that date, but refused to pay any other notes and, subsequently, in March filed his bill of complaint in this cause, his wife joining as co-complainant.

It is urged on behalf of counsel for complainant that the solicitor's fees were exorbitant and that the additional sum of $500 allowed by the master and approved by the chancellor in the event of an appeal was a penalty, but we do not agree with this contention, but believe that it was within the province of the court to provide the additional solicitor's fees in the event that further litigation should be necessary.

Counsel for the defendant and cross-complainant asks that the cost of the additional abstract of record filed in said cause be taxed as costs against the complainant, and with this we agree. The additional abstract was helpful in the consideration of the case by this court and contained considerable matter not found in the original abstract which was material and important in the decision of the case.

For the reasons stated in this opinion the decree of the chancellor of the superior court will be affirmed, together with interest thereon from the date of said decree at the rate of 5 per cent per annum, and the cost of the additional abstract will be taxed as costs.

*Affirmed.*

HOLDOM, P. J., and TAYLOR, J., concur.